## LOOMIS v. BALCH.
### No. 11637.

Court of Civil Appeals of Texas. Galveston.
July 6, 1944.

Rehearing Denied Aug. 3, 1944.

M. G. Fakes, of Houston, for appellant.

Maynard R. Heaner, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order denying a motion to set aside a judgment by default rendered in an action brought in the County Court at Law of Harris County by appellee, B. S. Balch, for the recovery of damages and attorney's fees from appellant, A. S. Loomis.

On October 28, 1943, B. S. Balch brought an action in the County Court at Law of Harris County, Texas, for the recovery of damages from A. S. Loomis, in the sum of $300 and for $100 attorney's fees. He alleged that, on October 6, 1943, he had entered into a contract with Mrs. Ethel C. Jones for the purchase of certain real estate and that, pursuant to said contract, he had paid to appellant who was acting as agent and attorney for Mrs. Jones the sum of $300, in cash, with the understanding that said sum would be paid to Mrs. Jones by appellant and that it would be applied upon the purchase price of the property when said sale was consummated and that if the sale was not consummated, said $300 would be returned to appellee within a reasonable time. He alleged that Mrs. Jones had thereafter advised both appellee and appellant that she had decided not to sell said property and directed appellant to return said $300 to appellee but that he had refused to do so but had converted said money to his own use and benefit.

On November 30, 1943, judgment by default was rendered in favor of appellee and against appellant in the sum of $300 damages and $50 attorney's fees. The judgment recited that defendant had been duly and legally served with citation and that he had failed to appear and answer as required by law but had wholly made default; that the plaintiff had appeared in person and by attorney and announced ready for trial and that the court had heard the pleadings, evidence and argument of plaintiff's counsel and that, after considering the same, he had entered judgment in favor of plaintiff.

No motion for new trial was filed by appellant at the term of court at which said judgment was rendered. On January 28, 1944, after the term of court at which said judgment was rendered had expired, appellant's counsel filed what he styled a "Motion to set aside judgment" wherein he admitted, in effect, that appellant had been served with citation but that he had not

850

filed an answer for him for the alleged reason that he, appellant's counsel, had proposed a settlement of the controversy involved in said suit to appellee's counsel and that he had been waiting to hear from him with reference to the proposed settlement when he was notified of the rendition of said default judgment. Appellant's counsel alleged in said motion that it had been customary in all cases that he knew anything about and the general practice in that community for opposing counsel to agree to a setting of cases and that, if counsel could not agree on a setting of a case it was customary for the trial court to set the case for trial on a suitable date. In said motion appellant alleged as a defense to appellee's suit that, prior to the filing of the suit, he had acquired title to the land involved in said contract of purchase and that he had credited Mrs. Jones with the $300 paid to him by appellee and had taken over said contract.

On February 26, 1944, the trial court, "after hearing the pleadings, evidence, and argument of counsel", denied appellant's motion to set aside said judgment, without specific findings of fact. Appellant has prosecuted this appeal from this action of the trial court.

█ It is well settled in this state that a party complaining of a judgment by default, either in a motion for new trial or in an equitable Bill of Review, must not only show that he was prevented from appearing and urging a defense to said cause of action at the time the judgment was entered, by some fraud, accident or mistake unmixed with negligence on his part, but he must also show that he has a just defense to the cause of action. Brown v. St. Mary's Temple, etc., Tex.Civ.App., 127 S.W.2d 531, and authorities there cited; Arenstein v. Jencks et al., Tex.Civ.App., 179 S.W.2d 831.

█ Appellant's motion filed on January 28, 1944, is, we think, inadequate as an equitable Bill of Review. While counsel for appellant contends in his motion that his failure to file an answer in said cause was due to the fact that he had been lulled into a sense of security by the failure of appellee's counsel to communicate with him in reference to a settlement of said suit, he does not allege any fraudulent acts or promises by appellee's counsel which would justify his failure to file an answer for appellant after he had been duly served with

citation, and it will be presumed that the trial court found, in conformity with his order overruling said motion, that no such promises were made. The judgment sought to be set aside expressly recited proper service of citation upon defendant and was in every way regular upon its face, and therefore not void.

█ The record contains no statement of the facts adduced in the trial court at either the hearing at which said default judgment was rendered or on the hearing of the motion to set said judgment aside. We must, therefore, construe the trial court's action in overruling appellant's motion to set aside said judgment as an affirmative finding by the court that, upon a hearing of the facts, he found that said alleged custom among the attorneys in Harris County not to take judgments by default did not exist; that no fraudulent promises or representations had been made by appellee's counsel and that appellant did not have a meritorious defense to appellee's cause of action.

It follows that the action of the trial court in overruling appellant's motion to set aside judgment must be, in all things, affirmed.

Affirmed.