**CENTRAL AIRLINES, INC., Appellant,**

**v.**

**Keith KAHLE, Appellee.**

**No. 16857.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 20, 1967.

Rehearing Denied Nov. 3, 1967.

Cantey, Hanger, Gooch, Cravens & Scarborough, and Sloan B. Blair, Fort Worth, for appellant.

Stone, Tilley, Parker, Snakard, Law & Brown, and Thomas H. Law and Robert M. Randolph, Fort Worth, for appellee.

MASSEY, Chief Justice.

## OPINION

This is an appeal from a summary judgment for defendant Keith Kahle in a proceeding by way of Bill of Review prosecuted by Central Airlines, Inc.

Judgment is affirmed.

From 1949 until December 7, 1964, appellee Keith Kahle, was employed by appellant, Central Airlines. This was as its president until January, 1964, and thereafter as vice chairman of its board of directors. Nearly two years after his employment was terminated and on August 3, 1966, he caused his attorney to write a letter to appellant demanding that it pay him $9,789.45 as compensation for vacation time claimed to have accrued during his 15 year employment. Approximately ten days or two weeks after the letter was written, appellant's general counsel, who is also secretary and a director of appellant company, discussed the letter with appellee's attorneys. On said occasion appellant contended it owed nothing and that no settlement with appellee would be authorized.

On a subsequent occasion when there was discussion between attorneys concerning the matter appellant's general counsel pointed out that a further reason why settlement appeared impossible was that appellee was asserting various other claims. A suggestion was made to appellee's attorney that he determine whether appellee would be interested in settling all claims. This occasion was on September 12, 1966.

Unbeknown to appellant's counsel, appellee had already filed suit on September 9, 1966. Service of process in the suit was obtained on the appellant company September 12, 1966, three days after the suit was filed.

Two to four days after September 12, date of service, the president reported to its general counsel by telephone that he had been served with citation in the case. The said citation was mailed to him at Midland, Texas. It arrived during counsel's absence from the city. The first time he looked at it was some 10 days or more after it was received in his office. It is contended by appellant that the date of service shown on the copy of the citation received by appellant's counsel was reasonably construable as showing that service of process of citation was had on the 17th rather than the 12th of the month and that counsel concluded from this that answer was due October 10 rather than October 3rd, said latter date, of course, being the proper date answer was due.

On Friday, October 7, 1966, appellee's attorneys obtained a default judgment against appellant for the total sum of $11,289.45, in-

cluding attorneys' fees. On October 8, 1966, appellant's counsel mailed an answer to the district clerk, which was received and filed on October 10, 1966, prior to 10 A.M.

The default judgment became final 30 days after October 7. During said period appellee and his attorneys did nothing and said nothing. They were aware that appellant's attorney had been advised to defend the case and in attempting to do so had filed the aforementioned answer. As a result, appellant's attorney had no knowledge or notice that a judgment had been entered. On November 8, 1966, appellee's attorney broke silence and by telegram notified appellant's attorney of the factual situation. Appellee subsequently sought the issuance of execution. The Sheriff of Tarrant County levied on aircraft parts at appellant's place of business at Great Southwest International Airport in Fort Worth.

Appellant filed suit in the nature of Bill of Review on November 11, 1966, seeking to set aside the prior judgment and to enjoin the sale by sheriff under execution theretofore levied.

An order was entered for temporary injunction, but on the subsequent hearing of appellee's motion for summary judgment it was vacated at time of the decision on the motion.

■ The rule with reference to bills of review is succinctly stated in the noted case of Alexander v. Hagedorn, 1950, 148 Tex. 565, 226 S.W.2d 996, 998, as follows: "Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. * * *" Attention of students of the question is directed to the seeming exception on instances where default judgments have been set aside where through some mistake or fault of a clerk of a court a defendant is honestly misled and caused to withhold a defense and the mistake or fault of the clerk is in a respect involving the clerk's official duty to act. This is exhaustively discussed in the Alexander v. Hagedorn opinion.

The case of Alexander v. Hagedorn, supra, quotes with approval previous holdings to the effect that grounds on which bills of review must find their support warranting interference with final judgments are narrow and restricted and not to be relaxed merely because it may appear in some particular case that an injustice has been done.

The misfortune of appellant in the present instance must be tested by the reasons recited in the Alexander v. Hagedorn case. Without extending this opinion we will state that we believe there is no question but what appellant did have a meritorious defense to at least the greater part of the claim made by appellee in the suit in which judgment was obtained by default. Therefore, we must examine the record to determine whether appellant was prevented by some wrongful act or fraud or accident committed or accidently done or permitted by appellee and his attorneys; and if so we will then determine whether appellant was wholly free of default or negligence in respect thereto.

Appellant was not prevented by fraud or accident, as aforementioned, done or permitted by appellee and his attorneys. Even if we held the contrary we could not hold, additionally, that appellant was wholly free of any form of negligence in respect thereto.

The service of process of citation was upon a proper officer and agent of service. He knew the date upon which service was obtained as a result of the transaction on which it occurred. That the attorney subsequently misread the date appearing upon the copy of the citation or that it was susceptible of misinterpretation would be wholly immaterial.

In the solution of the problem on appeal we are compelled to view the appellant as a party to a lawsuit having full knowledge of the fact of its having been filed and of the fact that citation was served upon it from the date its agent for service was handed the citation. This was the effect of the delivery of the citation to appellant's agent for service, whose authority is admitted. See text and cases cited at 2 Tex.Jur.2d, p. 629, "Agency", § 183, "Rule that notice to agent constitutes notice to principal;" and p. 633, § 186, "Application of rule—To corporate principals;" and 46 Tex.Jur.2d, p. 363, "Process and Notices," § 40, "—Agent or representative."

Appellee's attorneys did not tell appellant's counsel the true state of affairs, but neither did they mislead him or misinform him in a legal sense by permitting him to remain in error. Loomis v. Balch, Tex.Civ. App., 181 S.W.2d 849 (Galveston Civ.App., 1944, no writ hist.).

We are compelled to affirm judgment in this case because there was no fraud on the part of appellee or his attorneys which prevented appellant from making its defense; there was no wrongful act on the part of appellee or his attorneys which prevented appellant from making its defense; and there was no accidental act done or omission to act on the part of appellee or his attorney which prevented appellant from making its defense.

The actual ignorance of the true state of affairs on the part of attorney for appellant, and his reliance on his interpretation of the handwriting on the citation where date of service of citation was noted is what brought about the situation. This was the cause of the attorney's failure to timely advance defense to the suit. But from a legal standpoint the company was not in ignorance. When its lawful agent was served with citation it was legally "on notice" in all material respects from that time forward. That is the very purpose for having a system for the serving of citations.

And should a plaintiff in a discussion with the defendant, upon whom he has caused citation to be served in the suit he has filed, discover that the defendant has overlooked or forgotten about the fact that he is exposed to a default judgment, there is no duty cast upon the plaintiff to point out the true state of affairs to him. The parties are dealing "at arms length" and there is no fiduciary relationship of any character or degree. Such a plaintiff will not have his default judgment taken away in the equitable proceeding of bill of review unless he *prevents* the defendant from making his defense. Conduct on his part which merely permits a defendant to fail to defend is not sufficient. This we held in the case of Traders & General Insurance Company v. Burton, Tex.Civ.App., 272 S.W.2d 166 (Fort Worth Civ.App., 1954, writ ref. n. r. e.).

We have examined all points of error presented and overrule them severally, believing that this case is to be determined under the doctrine of *stare decisis*, particularly since such includes the holding of this very court in the case of Traders & General Insurance Company v. Burton.

Affirmed.