**W. E. CANAVAN, Individually and d/b/a C. & F. Properties, Appellant,**

**v.**

**TRUSS–TEX COMPONENT COMPANY, a corporation and W. O. Cartney, Appellees.**

No. 16325.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 23, 1974.

Rehearing Denied June 20, 1974.

Fulbright & Crooker, Robert E. Walls, Houston, for appellant, on appeal only.

Mabry & Gunn, William G. Neumann, Jr., James A. Carmody, Texas City, for appellees.

PEDEN, Justice.

Review by writ of error. Appellant complains of entry of judgment against him as defendant and of dismissal of his cross action when he did not appear at the trial.

The appellant's six points of error are that the trial court erred 1) in setting this cause for trial without notice to him and 2) in proceeding to trial without giving him notice; 3) in trying this case after telling him that it was not on the docket and was not set for trial; 4) in granting the appellees' special exceptions, because the appellant was not given notice of the hearing on them; 5) in dismissing the appellant's cross action for failure to amend and 6) in dismissing it for want of prosecution.

"The appellate jurisdiction of the supreme court or of the court of civil appeals may be invoked by a writ of error. The writ, like an appeal, constitutes a direct attack on an erroneous or void judgment. Review by a writ of error is a cumulative method of invoking the appellate jurisdiction of the court. When the facts are properly presented in a case brought up by the writ, they are subject to the cognizance and revision of the court in the same manner and to the

same extent as in the case of an appeal." 3 Tex.Jur.2d, Rev., 305, Appeal and Error—Civil Cases § 11.

Appellee Truss-Tex brought this suit in 1969 alleging that it had entered into contracts with Canavan to build four houses on lots in Conroe for a total price of $14,219.26, which was the reasonable market value of the labor and materials furnished, and had completed the work under the contracts. That Canavan had paid $4,013.06, leaving a balance of $10,206.20, which he refused to pay; damages were sought in that amount plus an attorney's fee of $2,000.

Canavan filed a cross action against Truss-Tex and W. O. Cartney in June of 1970, alleging that he had entered into four contracts with the cross-defendants to build four houses for him at Conroe. That Canavan had complied with the terms of the agreement but that cross-defendants had failed and refused to do so and had failed to meet their obligations under the contracts, to his damage in the amount of $20,000. He also sought an attorney's fee of $5,000.

The trial court's judgment recites that the cause was regularly called in its order on the docket on June 11, 1973, the court having set the matter for trial on the June term, 1973 at the call of the April dismissal docket, 1973, and that the defendant failed to appear. That the trial court proceeded to hear testimony on the unliquidated cause and determined that the plaintiff should have judgment against the defendant for $10,206.20 plus costs and $1,850 for attorney's fee. Further, that defendant had filed a cross action, that special exceptions to it had been sustained at a pre-trial hearing on May 25, 1973, and that defendant and cross-plaintiff having failed to amend, the cross action is dismissed for failure to amend and for want of prosecution.

The appellant urges us to consider photo copies of numerous documents and the allegations contained in affidavits made by himself and by the attorney who represent-ed him in the trial court. Such affidavits and copies of documents were filed in the trial court with the appellant's amended motion for new trial, which motion was overruled by operation of law without a hearing. Nor does the record reflect that any hearing was held in the trial court on a motion under Rule 165a, Texas Rules of Civil Procedure, for reinstatement of the cross action. In the affidavits the appellant and his counsel recount in detail and at length their efforts, about three days before the trial was held, to learn from the trial judge, his secretary and from the district clerk whether the case was set for trial. They allege that they were told by each of those persons that the case was not set for trial that month. They also allege that they had no notice of any trial setting; they do not say they had no notice of the setting on the dismissal docket. They further allege that they received a letter from opposing counsel about a week before the trial was held but that it said nothing about the setting; that he did not answer or return their calls.

No replies having been filed to these allegations and the affiants not having been subjected to cross-examination, we do not know the full circumstances of the matter. If these allegations were established as facts we would not hesitate to grant relief to the appellant.

In asking us to consider this material the appellant relies in the statement in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961) and in Mullen v. Roberts, 423 S.W. 2d 576 (Tex.1968) that in certain circumstances the remedy of writ of error is available to a defendant to protect himself against an unwarranted default judgment if its invalidity *is disclosed by the papers on file in the case.*

We find no Texas case holding that one may rely on self-serving affidavits as "papers on file in the case" to establish the invalidity of a default judgment or of a judgment taken when the defendant had answered but was not present at the trial.

**320**

Some examples of "papers on file in the case" which have been the basis for reversal of appeals by petition for writ of error are: sheriff's return on citation, to show process was insufficient (Texaco, Inc. v. McEwen, 356 S.W.2d 809, Tex.Civ.App. 1962, writ ref. n. r. e.; Carlson Boat Works v. Hauck, 459 S.W.2d 887, Tex. Civ.App.1970, no writ; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934, 1935); plaintiff's petition, to show that petition was insufficient or that the judgment did not conform to the petition (Mullen v. Roberts, 423 S.W.2d 576, Tex. 1968); statement of facts and bill of exception, to show prejudicial effect of refusal to permit witness to testify (Collins v. Collins, 464 S.W.2d 910, Tex.Civ.App. 1971, writ ref. n. r. e.).

■ We also note that "face of the record" was used in McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965), instead of "papers on file in the case." We hold that under neither phrase is a reviewing court permitted to rely on affidavits alone, such as were filed in our case, to determine the facts concerning the giving of proper notice of the trial setting. Facts are not ordinarily determined from affidavits; had some material been presented to us in the record by bill of exception or by statement of facts developed in a hearing on the motion for new trial, for example, we could have considered it.

■ We overrule the appellant's first three points because we cannot say, from the record which we are entitled to consider, that the appellant did not receive proper notice of the trial setting or that the trial judge misinformed him as to the setting.

■ We next consider the assertion in the appellant's last point of error that the trial court erred in dismissing his cross action for want of prosecution. The trial court's judgment recites that the appellant failed to appear when his cross action was regularly called for trial. When this oc-

curs the trial court may dismiss the cross action. Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891 (1948).

■ We find nothing which we are entitled to consider in the record to substantiate the appellant's allegations that the appellant did not receive proper notice that his cross action was set for trial.

■ We take judicial notice of the Local Rules of the Galveston County District Courts; Rule I–1(f) authorizes the trial judge to set any civil case for trial on his own motion.

We overrule the appellant's sixth point of error, so we need not rule on his fourth or fifth points.

Affirmed.