Jimmie WOODARD, d/b/a Tu J Refrigeration, Appellant,

v.

HOPPERSTAD BUILDERS, INC., Appellee.

No. 1171.

Court of Civil Appeals of Texas, Corpus Christi.

May 12, 1977.

Rehearing Denied June 30, 1977.

Lee Arnett, Arnett & Church, Browns-ville, for appellant.

Benjamin S. Hardy, Hardy, Sharpe & Rodriguez, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment which granted a Bill of Review and set aside a former judgment. Jimmie Woodard, d/b/a Tu J Refrigeration, hereinafter referred to as "Woodard," filed suit on sworn account against Hopperstad Builders, Inc., herein-after called "Hopperstad," in the District Court of Cameron County, Texas, on March 29, 1971. Hopperstad timely filed a verified original answer. Hopperstad did not ap-pear at the trial and judgment was ren-dered for Woodard against Hopperstad on January 3, 1972 for $6,379.84, plus attor-neys' fees in the amount of $2,500.00. Hop-perstad, after the time for filing a motion for new trial had expired, filed a petition for a Bill of Review. A hearing on the petition was held before the trial court, sitting without a jury. By agreement of the parties, the issues raised by Hopperstad in its petition for a Bill of Review as well as the evidence relating to the action on sworn account were presented to the trial court. The court, after having considered the is-sues and evidence, granted the petition for a Bill of Review and rendered judgment

which decreed: 1) the judgment rendered on January 3, 1972 "is hereby set aside and held for naught"; and 2) "Jimmy Woodard, d/b/a Tu J Refrigeration have and recover naught from Hopperstad Builders, Inc." Woodard has appealed from the judgment which granted the Bill of Review and set aside the former judgment.

Hopperstad, in its petition for a Bill of Review, alleged in substance: 1) it filed a verified answer to Woodard's petition on April 8, 1971, wherein it was stated that "Woodard had been paid for all the services that he had rendered and that the work performed by him as alleged in the petition was not true"; 2) the case was set for trial for the week of November 22, 1971, with notice to all parties; 3) Thomas G. Sharpe, Jr., counsel for Hopperstad, was in trial in another case in Edinburg, Texas, on No-vember 22, 1971, and he was advised that the case would be passed; 4) counsel for Woodard, "by some means induced the court without notice" to Hopperstad or its counsel, to specially set the case for a trial on the merits for January 3, 1972; 5) nei-ther Hopperstad nor its counsel had any knowledge of such setting, and neither Woodard, nor its counsel, nor the Clerk of the District Court of Cameron County noti-fied counsel for Hopperstad of the reset-ting; 6) counsel for Woodard caused a judg-ment to be rendered on January 3, 1972 with full knowledge that he had not noti-fied Hopperstad or its counsel of the reset-ting, which was "deceitful and deceptive" and was done with full knowledge that the notice of special setting had not been sent to counsel for Hopperstad, as provided for in the Local Rules of Civil Procedure Rule 5(4); 7) counsel for Woodard did not notify Hopperstad or its counsel of the rendition of the judgment, nor did he send a copy thereof to either Hopperstad or its counsel; 8) the District Clerk did not mail a copy of the judgment to either Hopperstad or its counsel; 9) the failure to mail a copy of the judgment to Hopperstad or its counsel de-prived Hopperstad of its right to file a motion for new trial, because the trial court had lost jurisdiction of the case before it learned of the rendition of the judgment;

10) Hopperstad has a meritorious defense to the action brought against it by Woodard and pleaded the same in the answer which it filed in defense to that action; 11) Hopperstad was prevented from presenting any evidence in its defense to the action brought against it by Woodard since it did not receive notice of the special setting of the case, and the failure to receive the notice and to appear in court on the day appointed was not the fault of or due to the negligence of either Hopperstad or its counsel, but was due to a deliberate move on the part of the counsel for Woodard "to be deceptive"; 12) on January 3, 1972, counsel for Hopperstad was in his office at Brownsville, Texas, when the judgment was rendered; 13) the evidence introduced at the trial on January 3, 1972 will not support the judgment, "because it is not in accord with the pleadings . . . the invoices were not made to "Hopperstad Builders, Inc."; 14) the judgment recites that the "cause was set for trial by regular setting when in truth and in fact the setting was a special setting which required notice under Local Rules . . . and by Rule 247, T.R.C.P."

It is established by the evidence the case was originally set for trial the week of November 22, 1971, with notice to all parties. Counsel for Hopperstad, Mr. Thomas G. Sharpe, Jr., however, was in trial at about the same time in another case at Edinburg, Texas. On Friday, November 19, 1971, Sharpe informed the bailiff for 197th District Court of Cameron County, Texas, where the cause was then pending, that he would be in trial in the District Court of Hidalgo County, Texas, in Edinburg, Texas on November 22, 1971, and left a note at the office of the District Judge of that Court. Sharpe, in the note, advised the judge that he would be in trial in Edinburg on November 22, 1971 and that Judge Garza (the federal judge at Brownsville) had reset "all my November cases for January, 1972. Sharpe further stated: "Since the case will be reset, I anticipate it being called at the February Docket."

At the request of Mr. Franklin T. Graham, who was then the attorney of record for Woodard, the District Court of Cameron County reset the case for trial for January 3, 1972. It was further proved that neither Graham, Woodard nor the District Clerk notified either Hopperstad or Sharpe of the resetting.

Graham testified that the trial judge instructed his bailiff to inform counsel for Hopperstad of the resetting. It was stipulated that the bailiff had no independent recollection of the matter, one way or another. Graham further testified that he did not notify Sharpe that the cause had been reset for trial on January 3, 1972, because the judge ordered the bailiff to notify him.

The trial court heard the case on the merits on January 3, 1972, in the absence of Hopperstad or its counsel. After hearing evidence, the court then rendered the aforesaid judgment against Hopperstad.

Sharpe testified that he was in his office in Brownsville, Texas, on January 3, 1972, and that he had no notice of the setting of the case for trial at any time prior to that date. He further testified that he did not learn of the rendition of the judgment until it was too late to file a motion for new trial.

At the request of Woodard, the following findings of fact were made and filed by the trial judge:

"I.

The Plaintiff, HOPPERSTAD BUILDERS, INC. and its attorneys were not guilty or negligent in any manner in failing to appear upon the date set for trial upon the merits on November 22, 1971, and received no notice of the subsequent setting for January 3, 1972.

II.

The Clerk of this Court did not give notice as required by Rule 306d, T.R.C.P.

III.

The Plaintiff, HOPPERSTAD BUILDERS, INC. had a meritorious defense to the items of account sued upon and claim of the Defendant as to the monies owed.

IV.

The setting of January 3, 1972, did not comply with the requirements of the Local Rules of Civil Procedure.

## V.

The failure of the Plaintiff to file a Motion for a new trial within the time allowed by its Rules of Civil Procedure was not caused by an intentional act or conscious indifference.

## VI.

The granting of a Motion for a new trial would not have caused the Defendant to suffer; he was still in the immediate vicinity and could have presented his claim.

## VII.

Upon issue of execution, Counsel for Plaintiff, acted immediately and expeditiously in filing a Petition for Temporary Injunction and Bill of Review.

## VIII.

Defendant offered no evidence that he would be injured by granting the Bill of Review or that his claim was just and true, and no effort was made to introduce any such evidence."

Only finding of fact number IV relating to the failure of the setting of January 3, 1972 to comply with the requirements of the Local Rules of Civil Procedure is challenged by defendant on appeal. Woodard did not request additional findings of fact.

 McDonald, in Texas Civil Practice Vol. 4 § 18.24 P. 311 (1970), states:

"A bill of review is an independent action of an equitable nature brought by a party to the former action and seeking to set aside a judgment therein which is not void on the face of the record and which has become final by reason of the expiration of the periods allowed for motion for new trial or appeal. . . ."

Bills of Review, however, are looked upon with caution by the courts, and the pleading and proof requirements for them are very strict. The plaintiff's petition in a Bill of Review must allege under oath: 1) a meritorious defense; 2) he was prevented from asserting his meritorious defense by the fraud, accident or wrongful act of the opposite party and 3) that this failure was unmixed with any fault or negligence of his own. *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex.Sup.1974).

Woodard contends in points 1, 2, 3, 6 and 7 that the trial court erred in granting the Bill of Review because Hopperstad had an adequate remedy at law at the time it filed the petition for a Bill of Review; that it failed to plead or prove that it did not have an adequate legal remedy at that time; that Hopperstad failed to plead or prove that it availed itself of those adequate legal remedies; that the judgment was not supported by findings of fact that Hopperstad did not have an adequate remedy at law at the time the petition for a Bill of Review was filed; that Hopperstad failed to plead or prove that it used due diligence to avail itself of the adequate legal remedies that it had; and that the judgment was not supported by a finding that Hopperstad exercised due diligence to avail itself of adequate legal remedy which existed against the former judgment. Woodard argues that an appeal by Writ of Error, a legal remedy, was available to Hopperstad, and that Hopperstad was required "to seize upon all legal remedies still available, including Writ of Error to the Court of Civil Appeals," and that since it did not do so, it was reversible error for the trial court to grant any relief under the petition for Bill of Review, an equitable remedy. We do not agree.

Rule 329b, T.R.C.P., in part, provides: " . . . After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. . . . "

In this case, the judgment was valid on its face, and there is nothing in the record before the petition for a Bill of Review was filed which indicates that either Hopperstad or its counsel had notice of the January 3, 1972 setting. Our Supreme Court, in factual situations similar to the case at bar, has repeatedly held that where the judgment of the trial court has become final, the trial court was thereafter without jurisdiction to set the same aside, except by a bill of

review. *See Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633, 645 (1974); *Bridgman v. Moore,* 143 Tex. 250, 183 S.W.2d 705, 706 (1944); *Wichita Falls & S. R. Co. v. Mc-Donald,* 141 Tex. 555, 174 S.W.2d 951, 953 (1943); *Phil H. Pierce Co. v. Watkins,* 114 Tex. 153, 263 S.W. 905 (1924).

Any confusion which may have existed as to when a party should proceed under the Writ of Error procedure or under the Bill of Review procedure after a judgment has become final was set at rest in *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706 (1961). There, the Court cautioned that Rule 329b, T.R.C.P., should be construed in such a manner that it aid in the administration of justice in order that a diligent defendant with a meritorious defense will have "every opportunity to protect himself against an unwarranted default judgment." The Court said:

> "If he [a defendant] does not learn of the judgment within 30 days after its rendition but does learn of it within six months, and the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals."

However, the Court further said:

> "If the judgment is one which the court had jurisdictional power to render but it is invalid, he may obtain relief by bill of review as provided in Rule 329–b whether the invalidity is or is not disclosed by the papers on file in the case. Only if a court has no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment."

In the instant case, the invalidity of the judgment was not disclosed by the papers on file in the case at the time the petition for a Bill of Review was filed. There is no reason why Hopperstad, under the circumstances presented, should not have had the right to establish its defense in a trial, which could only be accomplished if it had timely notice of the setting.

Finally, Woodard's argument is foreclosed against him by the recent decision of the Supreme Court of Texas in *Rogers v. Searle,* 544 S.W.2d 114 (Tex.Sup. 1976). There, the trial court rendered judgment on December 9, 1974, which became final thirty days thereafter. A petition for a Bill of Review was filed on January 15, 1975. The Supreme Court, in remanding the cause to the trial court for a trial on the matters raised by the petitioner in her petition, necessarily held that the trial court's judgment could be attacked by a Bill of Review that was filed less than six months after the judgment became final.

■ There is nothing in the record that restricts Hopperstad to an appeal by Writ of Error. The Bill of Review was proper in this case and was timely filed. Points 1, 2, 3, 6 and 7 are overruled.

Woodard says in point of error 12 that there is no evidence to support the finding that the January 3, 1972 setting did not comply with the Local Rules of Civil Procedure. The point cannot be sustained.

■ The Local Rules of Civil Procedure were not introduced in evidence. However, a Court of Civil Appeals may take judicial notice of the Local Rules of Civil Procedure of the District Courts of this State. *Canavan v. Truss-Tex Component Company,* 511 S.W.2d 318, 320 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e. ); *Investors Diversified Services, Inc. v. Bruner,* 366 S.W.2d 810, 815 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). We take judicial notice of the Local Rules of Civil Procedure for the District Courts of Cameron County, Texas. Rule 5(4) of such "Rules" provides:

> "Cases not reached for trial on the date set for trial will be passed unless reset for trial by agreement."

■ It is undisputed that Hopperstad did not receive any form of notice of the January 3, 1972 resetting. It is obvious that Hopperstad could not have agreed under the facts existing to a resetting for January 3, 1972. The resetting is, therefore, in violation of Local Rule 5(4) of Cameron County District Courts. Point 12 is overruled.

Woodard, in his remaining points of error, asserts that Hopperstad failed to plead or prove that neither it nor its counsel was guilty of any fault or negligence in not appearing for trial on January 3, 1972, or that it was prevented from presenting its defense by reason of fraud, accident or mistake of either Woodard or its counsel; that there were no findings of fact that the former judgment was rendered due to such fraud, accident or mistake; and that Hopperstad waived any ground for the granting of a Bill of Review because of any such fraud, accident or mistake since it did not request additional findings of fact with respect thereto. The points have no merit.

The pleadings of Hopperstad, which have already been summarized, allege that neither it nor its counsel were negligent or at fault in failing to appear for trial on January 3, 1972, and further sufficiently allege that Hopperstad was prevented from presenting its defense to Woodard's action by reason of fraud, accident or mistake on the part of Woodard's attorney. It is established by the evidence that it was the custom of the Cameron County Bar that an attorney who obtains a special setting should notify opposing counsel of the date for the setting. The attorney for Woodard did not comply with this custom. Graham explained that he did not notify Sharpe, counsel for Hopperstad, of the setting, since the trial judge had told his bailiff to do so. There is no evidence that the bailiff ever notified Hopperstad or Sharpe of the setting. There is a sufficient showing of mistake or accident where opposing counsel overlooks compliance with an established local custom of notifying the opposite counsel of settings. *Peaslee-Gaulbert Corporation v. Hughes*, 79 S.W.2d 149, 151 (Tex.Civ. App.—Dallas 1934, writ ref'd); McDonald, Texas Civil Practice § 18.27.4 p. 326 (1970). See also, *Cotten v. Stanford*, 169 S.W.2d 489, 492 (Tex.Civ.App.—Amarillo 1943, no writ). In this case, attorney Graham's failure to notify Sharpe of the resetting was, at least, a factor which prevented Hopperstad from presenting its "meritorious" defense. *Central Airlines, Inc. v. Kahle*, 419 S.W.2d 873, 876 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n. r. e.).

Hopperstad was not negligent in failing to present a meritorious defense. Its original answer to the petition filed by Woodard alleges a meritorious defense. The evidence adduced at the trial following the granting of the Bill of Review is proof of such a defense. There is no evidence that Hopperstad or its attorney was negligent at any time with respect to the issues presented by this appeal. Counsel for Hopperstad, upon learning that judgment was rendered on January 3, 1972 acted immediately and expeditiously.

The contentions that the trial court did not make adequate findings of fact to support the judgment which granted the Bill of Review and set aside the judgment of January 3, 1972, and that Hopperstad, in failing to request additional findings of fact waived the grounds necessary to support the judgment cannot be sustained. Rule 299, T.R.C.P., (1967), in part provides:

"Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. . . . "

It will be presumed that any omitted, unrequested findings of fact necessary to support the trial court's judgment which has been appealed to this Court in the instant appeal were found by the trial court in such a way as to support the judgment. Rule 299, T.R.C.P.; *Gasperson v. Madill National Bank*, 455 S.W.2d 381, 399 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e.); *O'Benar v. O'Benar*, 410 S.W.2d 214, 217 (Tex.Civ.App.—Dallas 1966, writ dism'd); *Century Indemnity Company v. First National Bank of Longview*, 272 S.W.2d 150,

156 (Tex.Civ.App.—Texarkana 1954, no writ); McDonald's Texas Civil Practice § 16.09 p. 25–6 (1970).

We have read the record in its entirety. We have carefully considered all of the remaining points of error (points 4, 5, 8, 9, 10 and 11) brought forward in this appeal by Woodard, the defendant-appellant. Points 4, 5, 8, 9, 10 and 11 are overruled.

The judgment of the trial court is AFFIRMED.