E. SMOCK V. DAVID FISCHEL.

No. A-1415. Decided January 14, 1948.
Rehearing overruled February 18, 1948.
(207 S. W., 2d Series, 891.)

*Roy A. Scott, Kleberg, Eckhart, Mobley & Roberts* and *R. Richard Roberts*, all of Corpus Christi, for petitioner.

*W. B. Moss*, of Sinton, and *Ward & Brown*, of Corpus Christi, for respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

David Fischel sued E. Smock for damages for alleged shortage in acreage of two fields of growing beets and one field of growing carrots, which plaintiff had purchased from the defendant. The defendant, in addition to a general denial, alleged that the vegetables had been sold on an acreage basis, and if in fact there was any shortage in acreage, it was due to a mutual mistake, for which he was willing to compensate the plaintiff on an acreage basis. By way of cross-action he alleged that in an entireley different transaction he had sold plaintiff a 200-acre field of growing onions, which plaintiff later refused to accept and pay for, to the defendant's damage in the sum of $25,000.00. He sought recovery on his cross-action.

Both the defendant and his counsel failed to appear on the day for which the case had been set for trial. The court, in their absence, submitted plaintiff's case to the jury, and upon the jury's findings rendered judgment for plaintiff for $4,086.00. The court withdrew defendant's cross-action from the jury, and rendered judgment against the defendant thereon. This judgment was affirmed by the Court of Civil Appeals. 207 S. W. (2d) 888.

■ The facts concerning the circumstances under which the court proceeded to trial in the absence of defendant and his counsel are set out in the opinion of the Court of Civil Appeals, and need not be repeated here. It is sufficient to say that this case had been postponed on two previous occasions, and had again been set for trial on the date upon which it was tried. Defendant's counsel knew at least three days in advance of the date of the trial that another case in which he had been subsequently employed had been set for trial in another county on the same date. Counsel for defendant was in easy reach of both courts, both by automobile and by telephone, yet he made no attempt to adjust the conflict in the setting of these two cases prior to the date of the trial. On the date of the trial he proceeded by automobile to the county seat where the other case was pending, hoping, he said, to secure a postponement of that case; but he was put to trial therein. He then undertook by telephone to contact the judge where this case was pending, but was unable to do so until approximately eleven o'clock in the morning.

By that time the court had concluded the trial of the case. We cannot say, as a matter of law, that the court abused its discretion in refusing to grant a new trial.

■ Under the circumstances, the court committed no reversible error in proceeding to trial on plaintiff's cause of action in the absence of defendant and his counsel. However, the defendant stood in the position of the plaintiff in so far as his cross-action was concerned. Bailey v. Trammel, 27 Texas 317; Harris v. Schlinke, 95 Texas 88, 65 S. W. 172; Barrier v. Lowery, 118 Texas 227, 11 S. W. (2d) 298, 13 S. W. (2d) 688.

It is a well-established rule that when a plaintiff fails to appear and prosecute his case, the court can not try the plaintiff's cause of action, but the only remedy is to dismiss the same. Burger v. Young, 78 Texas 656, 15 S. W. 107; Ware v. Jones (Tex. Com. App.), 242 S. W. 1022; Federal Royalties Co. v. McKnight (Tex. Civ. App.), 77 S. W. (2d) 542, writ of error refused. We see no reason why this same rule should not apply to a defendant's cross-action when the defendant fails to appear and prosecute the same. Ware v. Jones (Tex. Com. App.), 242 S. W. 1022; Anderson v. Rogge (Tex. Civ. App.), 28 S. W. 107; Johnson v. Campbell (Tex. Civ. App.), 154 S. W. (2d) 878. Under these circumstances the court should not have rendered judgment against the defendant on his cross-action, but should have dismissed the same.

■ The defendant did not complain in his motion for new trial of the action of the court in rendering judgment against him on his cross-action, but did complain thereof in his points of error in his brief in the Court of Civil Appeals. We are of the opinion that it was not indispensable that defendant should have raised this matter in his motion for new trial in the trial court. Rule 324, which requires the filing of a motion for new trial in jury cases, contains the following exception:

"An assignment in a motion for new trial shall not be a necessary prerequisite to the right to complain on appeal of the action of the court in giving an instructed verdict, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto, or in overruling a motion for judgment for appellant on the verdict."

And Rule 374 provides in part as follows:

"Complaint of the action of the court on all matters arising under the circumstances where no motion for new trial is required by these rules, if relied upon on appeal, shall be included in the statement of points in the brief as hereinafter provided, and in such cases no assignment of error shall be necessary."

Since the court withdrew the defendant's cross-action from the jury, we are of the opinion that the defendant had the right to complain of this error for the first time in his brief in the Court of Civil Appeals.

The foregoing opinon was dictated, though not put in final form, by the late lamented Chief Justice James P. Alexander a few days prior to his untimeley death on January 1, 1948. Since his passing the opinion has been considered and approved and is adopted by the Court as its opinion. The rulings therein announced lead to the rendering of the following judgment:

It is ordered that the judgments of the courts below in so far as they awarded a. recovery against petitioner on respondent's alleged cause of action be affirmed, but in so far as those judgments denied petitioner a recovery on his cross-action against respondent they are both reversed, and the cause is remanded to the trial court for a new trial on the cross-action only.

Judgments of the trial court and Court of Civil Appeals both affirmed in part and reversed in part and the cause remanded.

Opinion delivered January 14, 1948.

Rehearing overruled February 18, 1948.