**Helen LONDON, Appellant,**

v.

**Doyle E. LONDON, Appellee.**

**No. 4696.**

Court of Civil Appeals of Texas.

Waco.

April 11, 1968.

Rehearing Denied April 25, 1968.

Joe J. Alsup, Alsup & Alsup, Corpus Christi, for appellant.

Jack R. Blackmon, North, Blackmon & White, Corpus Christi, for appellee.

---

## OPINION

TIREY, Justice.

Mrs. London filed her application for a writ of habeas corpus in which she sought to regain physical possession of her minor child from her former husband. At the close of the trial Mrs. London filed her motion for instructed verdict, which was overruled. Thereafter, defendant filed his motion for instructed verdict or, in the alternative, that the court withdraw the case from the jury and render judgment in favor of defendant. The court granted this motion in part and withdrew the case from the jury and rendered judg-ment in favor of defendant on July 24, 1967, and in the judgment decreed that the custody of Sheilah Ruth London remain with defendant, Doyle E. London. To the foregoing order Mrs. London excepted and gave notice of appeal and thereafter perfected her appeal to the Corpus Christi court, and the cause is here on transfer.

Appellant in her supplemental brief, says: "We are in agreement with appellee that the trial judge committed no error in taking the case from the jury." Her brief further contends that the court had the duty, as a matter of law, of placing the physical custody of said minor in Mrs. London.

Appellant's point 1 is to the effect that the court erred in refusing to enter judgment on motion of Mrs. London for physical control of the child, because the undisputed evidence showed that the last decree affecting the custody of the minor was dated the 6th day of January 1966, and vested custody in Mrs. London, who, upon suffering a temporary mental breakdown had temporarily surrendered custody to the father during such disability and, who, upon becoming cured, brought this proceeding. We overrule this contention. Our view of the controlling factual situations is substantially without dispute. We point them out consecutively: Mrs. London was granted a divorce from her husband in the Court of Domestic Relations of Nueces County on the 29th day of March, 1961, and in this decree she was granted the care and custody of the adopted minor child, and the court fixed the support order for said minor, together with visitation rights. Thereafter various hearings were had regarding the care, custody and control of the minor, but the custody of the child remained as it was originally provided. On the 16th day of May, 1966, the court entered a decree in this cause in which he denied Doyle E. London's application for custody of the child. As we understand

appellant's brief, she contends that this is the last order that was entered with reference to the custody of the child prior to the order that was entered with reference to the custody of the child on the 24th day of July, 1967. We are not in agreement with this contention. The order entered on the 24th day of February, 1967, recited that the parties, through their attorneys, agreed that all the issues involved in this particular suit had been settled by negotiation, and that the parties had reached an agreement concerning the visitation rights of Mrs. London, and the court decreed "that the custody of Sheilah Ruth London be, and the same is herenow left as is, subject to the visitation rights as hereinafter defined, and that the application of Helen London for writ of habeas corpus seeking custody of Sheilah Ruth London is denied." The court then proceeded to fix the visitation rights for Mrs. London. The above decree seems to be clear and explicit. The transcript shows that Mrs. London thereafter filed an original petition against her former husband for the care and custody of the minor and alleged that the care and custody still remains in her under the decree entered on the 24th day of February, 1967. She filed her first amended original petition in this cause on May 10, 1967. The record shows that on a pre-trial hearing on the 7th day of July, 1967, the court entered an order to the effect that the burden of proof as to the change of custody of the minor is on Mrs. London and that evidence of changed conditions is limited for the period from and after February 24, 1967, in which the court said: "same being the date that the matter of custody of Sheilah Ruth London was last litigated in this court in Cause No. 92532." The judgment here appealed from recites that it came to trial on the 11th day of July, 1967, and further recites that the court was of the opinion that there was no evidence warranting submission to the jury and granted the defendant's motion to withdraw the case from consideration of the jury and the order decreed that the petition of Mrs. London for change of custody be denied, and that the custody of the minor remain in the defendant, Doyle E. London. To this order plaintiff excepted and gave notice of appeal. This order was signed the 24th day of July, 1967. We are of the view that the foregoing recitations from the record show conclusively that the custody of the minor was changed from Mrs. London to her former husband, and that the custody remains in defendant by virtue of the order entered on the 24th day of July, 1967. Point 1 is overruled. We think this court has jurisdiction of this appeal by virtue of Rule 324, Texas Rules of Civil Procedure, and the opinion of the Supreme Court in Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891, point 5.

Since appellant asserts in her supplemental brief that the trial judge committed no error in taking the cause from the jury, each of her other contentions pass out of the case.

The judgment of the trial court is affirmed.