MEMORANDUM OPINION


No. 04-05-00159-CV

Barry M. BELLER,
Appellant

v.

FRY ROOFING, INC.,
Appellee

From the County Court of Law No. 5, Bexar County, Texas
Trial Court No. 283336
Honorable Irene Rios, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   November 23, 2005    AFFIRMED AS MODIFIED
            Barry M. Beller files this restricted appeal to set aside the judgment rendered against him
because he failed to appear on the trial date. Beller asserts that the trial court committed error
apparent on the face of the record by rendering a take-nothing judgment and by failing to give notice
of its intent to dismiss the case. Because the trial court erred in rendering a take-nothing judgment,
we modify the judgment to reflect a dismissal for want of prosecution and affirm the judgment as
modified. 
Background
            Beller filed suit against Fry Roofing Inc., on May 23, 2003 for construction defects on
Beller’s home. Subsequently, the trial court entered a scheduling order signed by the attorneys for
both Beller and Fry, agreeing to an October 14, 2004 trial date. On October 14, 2004, the trial court
entered a take-nothing judgment against Beller when Beller failed to appear for trial. Beller now
appeals the entry of that take-nothing judgment by way of restricted appeal.
Standard of Review
            A direct attack on a judgment by restricted appeal must: (1) be brought within six months
after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the
trial; and (4) the error must be apparent from the face of the record. Tex. R. App. P. 26.1(c), 30;
Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999). The sole issue before
us is whether error is apparent from the face of the record. In making that determination, we
examine all the papers on file in the appeal, including the reporter’s record. Norman Commc’ns v.
Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997); Flores v. Brimex Ltd. P’ship, 5 S.W.3d 816,
819 (Tex. App.—San Antonio 1999, no pet.). Analysis
            In two issues, Beller contends the appellate record shows error on its face because the trial
court rendered a take-nothing judgment against him after he failed to appear for trial. Beller argues
the court may not adjudicate the merits of his claim, but may only dismiss the case for want of
prosecution. Beller further argues that the trial court’s judgment is erroneous on its face because
Rule 165a only permits dismissal for want of prosecution after notice of intent to dismiss. Tex. R.
Civ. P. 165a(1).


 Fry responds that both of Beller’s issues fail because Rule 165a is not the only
source of a trial court’s authority to make dispositive orders based on a litigant’s non-compliance
with a scheduling order. Fry contends the trial court also has inherent power to enforce its orders
under the Government Code. See Tex. Gov’t Code Ann. § 21.001(a) (Vernon 2004)(“[a] court has
all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders,
including authority to issue the writs and orders necessary or proper in aid of its jurisdiction”). 
Therefore, Fry maintains the trial court had inherent authority to both dismiss and render a take-nothing judgment against Beller when he failed to appear for trial.
            We begin our analysis by determining whether Rule 165a is the only source of a trial court’s
authority to render judgment under these circumstances. It is not. A trial court “may dismiss a case
for want of prosecution under either Rule 165a or under its common law inherent authority.” 
Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 850 (Tex. 2004). In fact, the common law vests
courts with inherent power to dismiss independently of the rules of civil procedure when a plaintiff
fails to prosecute his or her case with due diligence. Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex.
1980). Here, the trial court’s judgment against Beller reads in pertinent part:On October 14, 2004, pursuant to a Scheduling Order previously
entered by the Court, came on to be heard the above-entitled and
numbered cause for non-jury trial. When the case was called,
Defendant, Fry Roofing, Inc., announced ready, through its attorney. 
However, Plaintiff, Barry M. Beller, failed to appear, either in person
or through his attorney of record ...The Court, after consideration of
the matter and making findings as authorized by law, is of the opinion
that Judgment should be entered, that Plaintiff recover nothing of and
from the Defendant, Fry Roofing, Inc.
 
The judgment does not state whether the trial court rendered the take-nothing judgment under Rule
165a or pursuant to its inherent authority. Because the trial court’s authority is not limited to Rule
165a, Beller’s complaint about the lack of Rule 165a notice need not be reached. Furthermore, even
if we considered the notice complaint, it could not be sustained on this record. In a restricted appeal,
“[t]he absence from the record of affirmative proof that notice of intent to dismiss or of the order of
dismissal was provided does not establish error.” Alexander, 134 S.W.3d at 849. This is because
the silence of the record reveals neither the existence nor the absence of Rule 165a notice.


 Id. at
849-50. We therefore overrule Beller’s second issue. 
            We next consider whether the record shows error on its face because the trial court rendered
a take-nothing judgment against Beller. Beller argues the law is well settled that, if a plaintiff fails
to appear at trial, the court may not adjudicate the merits of his claim, but may only dismiss the case
without prejudice for want of prosecution. We agree. While a case may be dismissed for want of
prosecution if a party fails to appear at trial, a defendant is not authorized to take a default judgment
that adjudicates the merits of the plaintiff’s suit. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d
428, 431 (1959), overruled on other grounds by Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.
1990). A trial court adjudicates the merits of a case by issuing a take-nothing judgment, or by
dismissing with prejudice. See Attorney General of the State of Texas v. Abbs, 812 S.W.2d 605, 608
(Tex. App.—Dallas 1991, no writ). Furthermore, a trial court may not dismiss a non-appearing
plaintiff’s claim with prejudice, regardless of whether the trial court dismisses the case under Rule
165a or its inherent power. See Attorney General of Texas v. Rideaux, 838 S.W.2d 340, 341 (Tex.
App.—Houston [1st Dist.] 1992, no writ.) (citing Veterans’ Land Bd. v. Williams, 543 S.W.2d 89,
90 Tex. 1976)). Accordingly, the only remedy available to a trial court against a defaulting plaintiff
is a dismissal for want of prosecution. Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891, 892 (1948);
Alvarado v. Magic Valley Elec. Co-op, Inc., 784 S.W.2d 729, 733 (Tex. App.—San Antonio 1990,
writ denied). Such a dismissal must be made without prejudice. Murphy v. Stigall, 352 S.W.2d 918,
919 (Tex. Civ. App. 1962, writ ref’d). “It is elementary that a dismissal is in no way an adjudication
of the rights of parties; it merely places the parties in the position that they were in before the court’s
jurisdiction was invoked just as if the suit had never been brought.” Crofts v. Court of Civil Appeals
for Eighth Supreme Judicial Dist., 362 S.W.2d 101, 104 (Tex. 1962, orig. proceeding). We therefore
hold the trial court’s adjudication of Beller’s claim constitutes error that is apparent on the face of
the record. 
            Beller requests that we reverse the judgment and remand the cause to the trial court. Fry, on
the other hand, asserts that the proper remedy is to reform the judgment to substitute a dismissal for
want of prosecution. We agree with Fry. Because the trial court erred by issuing a take-nothing
judgment, we will modify the judgment to state that Beller’s causes of action are dismissed for want
of prosecution. Tex. R. App. P. 43.2. The judgment is affirmed as modified. 
 
Phylis J. Speedlin, Justice