In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-043 CV


____________________



CHERYL ANN ROBERTS JOHNSON, INDIVIDUALLY AND AS


REPRESENTATIVE OF THE ESTATE OF EMILY ANN ROBERTS,


DECEASED, AND MICHAEL WAYNE ROBERTS, Appellants



V.



LIVINGSTON DIAGNOSTIC CLINIC, CLEVELAND REGIONAL


MEDICAL CENTER, L.P., AND MARION LOUISE NEWTON, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 19180 






MEMORANDUM OPINION



 This appeal follows the dismissal for want of prosecution of a medical malpractice
suit. In four issues, Cheryl Ann Roberts Johnson and Michael Wayne Roberts 
contend (1) the trial court erred in granting the motion to dismiss for want of prosecution
filed by Livingston Diagnostic Clinic and Cleveland Regional Medical Center, L.P. and in
dismissing the case with prejudice; (2) the trial court erred in dismissing the suit as to all
defendants when Marion Louise Newton had not filed a motion to dismiss for want of
prosecution; (3) the trial court erred in denying the appellants' motion to reinstate;
and (4) the trial court erred in failing to issue a discovery control order and trial setting. (1) We
reform the judgment to reflect the cause is dismissed "without prejudice" and affirm the
judgment as reformed.

 The original petition filed on May 7, 2001, alleged the plaintiffs' daughter died as a
result of the defendants' failure to diagnose and treat the four-year old's gastroenteritis and
dehydration. The plaintiffs engaged in written discovery until the bankruptcy of Newton's
insurer triggered a temporary stay of all proceedings in February 2002. In January 2004, the
trial court denied the defendants' motions to dismiss the case due to inadequacies in the
expert report. We denied Newton's petition for mandamus regarding that ruling on May 6,
2004. See In re Marion Louise Newton, M.D., No. 09-04-109 CV, 2004 WL 1047280 (Tex.
App.--Beaumont May 6, 2004, orig. proceeding) (mem. op.). No other activity occurred in
the case until October 10, 2006, when Livingston Diagnostic Clinic and Cleveland Regional
Medical Center filed a motion to dismiss the case for want of prosecution. No one appeared
at the hearing on behalf of the plaintiffs and the trial court signed an order dismissing the
case as to all parties. After the hearing concluded and the trial court signed the order,
counsel appeared on behalf of the plaintiffs, explained that she had called to say she was
running late, and filed a motion to retain the case on the court's docket. Counsel explained
that the case had not been prosecuted because counsel of record suffered an illness in 2003
and subsequent bankruptcy proceedings impeded her ability to prosecute the claims. (2) The
trial court did not reconsider its ruling. The plaintiffs filed a motion to reinstate. The trial
court denied the motion to reinstate after counsel failed to appear at the hearing on the
motion. Counsel obtained a setting for a rehearing of the motion to reinstate, but again failed
to appear at the hearing.

 The trial court possesses the authority to dismiss a case for want of prosecution as an
exercise of its inherent authority or pursuant to Rule 165a of the Texas Rules of Civil
Procedure. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999). In
either event, the plaintiff must be provided with notice and an opportunity to be heard before
the trial court may dismiss a case for want of prosecution. Id. The decision to dismiss a case
for want of prosecution rests within the sound discretion of the trial court and the dismissal
is reviewed under an abuse of discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75
(Tex. 1997). The entire history of the case is considered in determining whether the plaintiffs
failed to exercise diligence in prosecuting a claim, including the length of time the case was
on file, the extent of activity in the case, whether a trial setting was requested, and the
existence of reasonable excuses for delay. King v. Holland, 884 S.W.2d 231, 237 (Tex.
App.--Corpus Christi 1994, writ denied). "No single factor is dispositive, and a belated trial
setting or stated readiness to proceed to trial does not conclusively establish diligence." 
Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex. App.--San Antonio 1999, no pet.).

 The primary argument presented in the first issue is similar to the argument, presented
in issue four, that the trial court erred in failing to issue a discovery control order and trial
setting. The delay in the prosecution of the case is attributed to the trial court's failure to act
on the plaintiffs' request for a discovery control order and trial setting. That failure is
presented on appeal as a violation of Texas Rule of Civil Procedure 190.4 which supposedly
precludes dismissal for want of prosecution. See Tex. R. Civ. P. 190.4 ("The court must, on
a party's motion . . . order that discovery be conducted in accordance with a discovery control
plan. . . ."). The argument appears to be that once the plaintiffs requested that the trial court
enter a scheduling order, no further activity in the case was required to effectively prosecute
the case.

 There are several flaws in this argument. For one thing, neither the motion to retain
nor the motion to reinstate mention the outstanding request for a discovery control order and
trial setting. The attorney who appeared after the trial court dismissed the suit stated that
"[w]hen this case got removed the last time, it was set on the trial docket by plaintiffs and
was removed because of the insurance issue and, probably foolishly, another attorney
working with [counsel of record] . . . thought that she would be getting another trial setting
on that matter and not having to request it. But none came." This statement offers an
explanation for inactivity by the plaintiff but does not bring an error of pre-trial procedure
to the attention of the trial court. We find no other reference to the scheduling request in the
record. We cannot say that the trial court erred in failing to reinstate the case for a reason not
presented to the trial court as grounds for reinstatement.

 The motion relied upon on appeal is a "Motion for Level III Discovery Control Order
and Trial Setting" filed on January 14, 2002. The motion included a requested schedule with
deadlines running from May 9, 2002, through September 9, 2002. The plaintiffs filed a
notice of submission of the motion for February 6, 2002. Cleveland Regional Medical
Center scheduled the motion for a February 8, 2002, hearing. That hearing was cancelled
due to the automatic stay imposed by Newton's insurer's insolvency. The stay was not lifted
until February 4, 2003. Because all of the pertinent dates had passed while all proceedings
were stayed, the proposed schedule submitted by the plaintiffs obviously could not apply. 
Regardless of whether it was reasonable to assume the trial court would set the case for trial
at some point, the plaintiffs did nothing to advance their case once the stay had been lifted.

 Furthermore, Rule 190.4 requires the trial court to enter a discovery control plan upon
request by a party, but the rule does not require the trial court to conduct a hearing. An oral
hearing was required in this case because one of the defendants requested one, presumably
because it did not agree with the schedule proposed by the plaintiffs. The hearing did not
occur because all proceedings in the case were stayed on the scheduled date. A trial court
should act on a request for a discovery control plan "as promptly as reasonably possible." 
Tex. R. Civ. P. 190.4. The issue in an appeal from a dismissal for want of prosecution is
whether the plaintiff exercised reasonable diligence in prosecuting the suit. MacGregor, 941
S.W.2d at 75. Assuming the trial court erred in failing to enter a scheduling order, the
plaintiffs' failure to bring the error to the attention of the trial court demonstrates a lack of
diligence on the part of the plaintiffs.

 Issues one and three argue that the plaintiffs did diligently prosecute their case. The
record reflects that they propounded written discovery in the months before the insurer's
insolvency stayed further action in the case. When the stay was lifted, the plaintiffs served
an expert report and defended the report in mandamus proceedings before this Court. See
In re Marion Louise Newton, M.D., No. 09-04-109 CV, 2004 WL 1047280. It is conceded
that no activity occurred between May 6, 2004, and October 10, 2006, but the situation is
presented as an extraordinary circumstance that justifies retaining the case on the docket
beyond the traditional time standards. (3) Counsel's financial condition was not brought to the
attention of the trial court until after the suit had been dismissed; accordingly, the issue is
whether the trial court erred in failing to reinstate the case. The brief contends that counsel's
failure to appear at the two scheduled hearings on the motion to reinstate was due to lack of
notice of the first hearing and a calendaring error on the second hearing. A notice of hearing
dated December 8, 2006, bears counsel's name and address for the mailed notice in addition
to a notation that the notice had been faxed. Counsel obtained a new setting after she missed
the December 15, 2006, hearing, but regardless of her reason for missing the second hearing
the trial court's plenary power over the case expired and a third setting for the hearing was
no longer an option. See Tex. R. Civ. P. 165a(3) ("If a motion to reinstate is timely filed by
any party, the trial court, regardless of whether an appeal has been perfected, has plenary
power to reinstate the case until 30 days after all such timely filed motions are overruled,
either by a written and signed order or by operation of law, whichever occurs first."). The
party requesting reinstatement has the burden to bring forth a record establishing the facts
requiring reinstatement. Kenley v. Quintana Petroleum Corp., 931 S.W.2d 318, 321 (Tex.
App.--San Antonio 1996, writ denied).

 Furthermore, the diligence demonstrated over the first year or two the case was
pending does not excuse the lack of diligence demonstrated thereafter. See Nichols v.
Sedalco Constr. Servs., 228 S.W.3d 341, 343 (Tex. App.--Waco 2007, pet. denied) (trial
court did not abuse its discretion in dismissing case for want of prosecution where brief
periods of activity did not explain remaining long periods of inactivity). After a few months
during which the plaintiffs served the defendants, engaged in written discovery and requested
a scheduling order, followed by a stay imposed by virtue of the insolvency of a non-party and
brief litigation concerning the pre-trial expert report, the plaintiffs ceased all activity on the
case for over two years. The plaintiffs offered an explanation for the long delay but the
defendants challenged both the factual basis for the explanation and its adequacy in
accounting for the entire period of inactivity. Although provided with two additional
opportunities to establish diligence, the plaintiffs failed to appear at the hearing on motion
to reinstate. The trial court followed established rules and principles in denying a motion to
reinstate that depended upon facts the plaintiffs failed to establish on the record.

 Issue two contends the trial court erred in dismissing the claims against a party who
did not file a motion to dismiss. Livingston Diagnostic Clinic and Cleveland Regional
Medical Center filed a motion to dismiss, but Newton did not. It is argued on appeal that the
motion provided insufficient notice that the entire case would be dismissed. The trial court
cannot dismiss a case without providing the plaintiffs with notice and an opportunity to be
heard. See Villarreal, 994 S.W.2d at 630.

 The motion to dismiss for want of prosecution expressly asked the trial court to
"dismiss all of plaintiffs' claims with prejudice, and that all costs be taxed to plaintiffs." 
This appears to be a request for a final order, not an interlocutory one. The plaintiffs
evidently understood the relief sought by the motion, as they responded by filing a motion
to retain that asked the trial court to retain "this case" on the docket without distinguishing
the claims against Newton from the claims against the defendants who invoked the trial
court's inherent power to dismiss the case for want of prosecution. Furthermore, the motion
to reinstate does not suggest surprise or lack of notice of the disposition of the entire case. 
More importantly, the trial court alleviated any due process concerns by providing an
opportunity for a hearing on the motion to reinstate. Franklin v. Sherman Indep. Sch. Dist.,
53 S.W.3d 398, 402-03 (Tex. App.--Dallas 2001, pet. denied).

 Issue two also challenges the sufficiency of the notice of the dismissal hearing, which
stated a date and time for the hearing but not the location. As was the case with the
disposition of the claims against Newton, the motion to reinstate does not claim that counsel
was confused by the notice of the hearing. Assuming error was not waived by failing to
complain about the notice deficiency in the trial court, the trial court cured the error by
providing an opportunity for a hearing on the plaintiffs' motion to reinstate. Finlan v. Peavy,
205 S.W.3d 647, 654 (Tex. App.--Waco 2006, no pet.).

 Issue one also contends the trial court erred in dismissing the case with prejudice. 
"The judgment of dismissal of the cause for want of prosecution is not a judgment on the
merits of the cause." Gracey v. West, 422 S.W.2d 913, 917 (Tex. 1968). Livingston
Diagnostic Clinic and Cleveland Regional Medical Center argue the plaintiffs waived error
by not bringing the matter to the attention of the trial court. Several intermediate appellate
court cases support their position. See Dueitt v. Arrowhead Lakes Prop. Owners, Inc., 180
S.W.3d 733, 742 (Tex. App.--Waco 2005, pet. denied); Leonard v. Abbott, 171 S.W.3d 451,
461 (Tex. App.--Austin 2005, pet. denied); Bird v. Kornman, 152 S.W.3d 154, 161 (Tex.
App.--Dallas 2004, pet. denied); Labrie v. Kenney, 95 S.W.3d 722, 728 (Tex. App--Amarillo
2003, no pet.); Andrews v. ABJ Adjusters, Inc., 800 S.W.2d 567, 568-69 (Tex. App.--Houston
[14th Dist.] 1990, writ denied). Those cases ultimately rely upon a Supreme Court precedent
involving a subsequently filed suit. See El Paso Pipe & Supply Co. v. Mt. States Leasing,
Inc., 617 S.W.2d 189, 190 (Tex. 1981). The Supreme Court has recognized the distinction
between a direct appeal and a collateral challenge to a dismissal with prejudice. See Rizk v.
Mayad, 603 S.W.2d 773, 775 (Tex. 1980). In holding that the trial court could not determine
the merits of a cross-action but could only dismiss the claim for want of prosecution, the
Supreme Court held that the appellant did not have to raise the error in a motion for new trial
but could assign error for the first time on appeal. Smock v. Fischel, 146 Tex. 397, 207
S.W.2d 891, 892 (Tex. 1948) (defendant's cross-action in jury trial). Smock v. Fischel
appears to be controlling precedent. The remedy for the error is to reform the judgment to
reflect a dismissal without prejudice. See Light v. Womack, 113 S.W.3d 872, 874 (Tex.
App.--Beaumont 2003, no pet.). We sustain issue one in part. We overrule issue one in part
and overrule issues two, three and four.

 We reform the judgment to reflect the cause is dismissed "without prejudice." As
reformed, the judgment is affirmed.

 AFFIRMED AS REFORMED.




 _______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on February 20, 2008

Opinion Delivered May 8, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Michael Wayne Roberts died sometime between the filing of the suit and its
dismissal. Roberts and Johnson were residents of separate counties when the suit was filed;
there is no indication in the record that Johnson is the representative of Roberts's estate, no
suggestion of death has been filed, and no one entered an appearance as the representative
of the estate. The defendants did not move for issuance of scire facias and the dismissal for
want of prosecution is not based upon the failure to substitute the representative of the estate. 
We find no indication in the record that either the trial court or the defendants were aware
of Roberts's death when the trial court signed the order dismissing the case. Neither the
failure of the representative of the plaintiff to file a suggestion of death nor the failure of the
defendants to move for issuance of a writ of scire facias deprives the trial court of the
authority to dismiss the suit for want of prosecution. See Gracey v. West, 422 S.W.2d 913
(Tex. 1968).
2. Appellants' brief states counsel received a bankruptcy discharge in May 2007 but
the trial court was not notified of the bankruptcy status in the response to the motion to
dismiss for want of prosecution or during the hearings. The motion to retain and the motion
to reinstate are verified by counsel, but no evidence supporting the claims of counsel's illness
was presented to the trial court at any of the hearings. The lawyer whose personal problems
were at issue did not appear at the hearing and the lawyer who made a belated appearance
informed the trial court that she had only recently begun working with counsel of record. 
Thus, the attorney who appeared at the hearing was not asserting facts made upon personal
knowledge.
3. Ironically, the brief refers to "the Defendants' pattern of unjust delay via several
'stays' due to a nonparty's financial condition" in the paragraph immediately following the
argument that counsel's personal bankruptcy excused the plaintiffs' failure to prosecute their
claims.