

NUMBER 13-13-00337-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF J.D.F., A CHILD

**On appeal from the 24th District Court
of Refugio County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes
Memorandum Opinion by Justice Garza**

Appellant David Flores, pro se, challenges the trial court's judgment modifying his child support obligations to appellee, Rosa Linda Breeden.[1] Flores, who is currently incarcerated, contends by four issues that the trial court erred. We affirm.

## I. BACKGROUND

Flores and Breeden were divorced on January 24, 2001. The final decree of

---

[1] The Office of the Attorney General of Texas ("OAG") is also an appellee. Both Breeden and OAG have filed appellee's briefs in this matter.

divorce appointed Flores and Breeden as joint managing conservators of their child, J.D.F., who was born on June 21, 1996. The decree also ordered Flores to pay child support to Breeden in the amount of $645 per month, and that the obligation would generally continue until J.D.F. turns eighteen years of age, marries, or dies.

In 2009, Flores was convicted of two counts of aggravated sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2013 3d C.S.), and he was sentenced to fifteen years' imprisonment. He filed a petition for modification of child support on August 23, 2012, arguing that there had been a material and substantial change in his circumstances due to his incarceration. *See* TEX. FAM. CODE ANN. § 156.401(a)(1)(A) (West, Westlaw through 2013 3d C.S.) (providing that a child support order may be modified if, among other things, "the circumstances of . . . a person affected by the order have materially and substantially changed" since the order was rendered). In his petition, Flores requested abatement of the child support obligations as well as a reduction in his monthly support obligation. He further requested that the reduction apply retroactively to September 29, 2009, the date when he alleges he was first incarcerated.

On November 26, 2012, Flores filed a "Motion for Bench Warrant or In Lieu of [sic] Tele-Conference for Final Hearing" in which he requested that he be allowed to attend the final hearing on his petition either in person or by telephone. Flores also filed a motion for default judgment which was set for hearing on February 25, 2013. Prior to the hearing, Breeden and the Office of the Attorney General of Texas ("OAG") filed answers to the petition. Breeden also filed a counterpetition seeking sole managing conservatorship of J.D.F.

After the February 25 hearing, the presiding associate judge, *see id.* ch. 201 (West,

2

Westlaw through 2013 3d C.S.), rendered a "Pre-Trial Order" denying Flores's motions for bench warrant and for telephonic appearance. The order stated that Flores "failed to meet his burden to show the necessity of his personal appearance in this case so as to justify a bench warrant in this case and of the necessity of a telephonic or video conference." The order further stated that Flores "may present his testimony and other evidence by deposition taken under the Texas Rules of Civil Procedure"; that he "may present his testimony and documentary evidence by way of Affidavit, duly sworn to by [Flores] (or sworn to under Inmate's Unsworn Declaration)"; and that he "may subpoena witnesses with knowledge of relevant facts to appear on Movant's behalf at time of trial." The order reset the case for hearing on April 9, 2013.

On March 26, 2013, Flores filed a motion for continuance arguing that he had not been given forty-five days' notice as required by the rules of civil procedure. *See* TEX. R. CIV. P. 245. He argued that "the new issues raised in [Breeden]'s Counterpetition . . . are of a serious matter, that require additional time for preparation." The record does not contain an explicit ruling on the motion for continuance; however, the April 9 hearing went forward as scheduled. During the hearing, Breeden abandoned her claim for sole managing conservatorship, and the trial court heard evidence as to J.D.F.'s medical expenses and Flores's child support arrearages. The trial court rendered judgment ordering that Flores pay $27,311.94 in child support arrearages[2] and $20,833.88 in medical support arrearages.[3] The judgment also reduced Flores's current child support

---

[2] The judgment ordered Flores to pay this amount by making one lump sum payment of $500 and monthly payments of $175 "until the arrearage is paid in full, or on the termination of current support" for J.D.F. The judgment further provided that, if Flores "has not paid the judgment in full by the date his current child support obligation ends," he must make monthly payments of $361 until the arrearage is paid in full.

[3] The judgment ordered Flores to pay this amount in monthly payments of $50 until the arrearage is paid in full.

3

obligation to $186 per month plus $57 per month in cash medical support.[4]  *See id.*

§ 154.182(b-1) (West, Westlaw through 2013 3d C.S.).  The trial court rendered findings

of fact and conclusions of law supporting the judgment.

Subsequently, Flores filed a motion for new trial arguing:  (1) the judgment was

void because he was a defaulting plaintiff and, therefore, the merits of his cause could

not be reached; (2) he was given no notice of dismissal; (3) Breeden's pleadings were

inadequate; and (4) his default was excused under applicable law.  The motion was

denied and this appeal followed.

## II. DISCUSSION

### A.    Motion for New Trial

By his first issue, Flores argues that the trial court erred by denying his motion for

new trial because he "was not given 45 days notice of the trial setting on the counterclaim

filed against him by Breeden, in violation [of Texas Rule of Civil Procedure] 245."  Rule

245 provides in relevant part:

> The court may set contested cases on written request of any party, or on
> the court's own motion, with reasonable notice of not less than forty-five
> days to the parties of a first setting for trial, or by agreement of the parties;
> provided, however, that when a case previously has been set for trial, the
> Court may reset said contested case to a later date on any reasonable
> notice to the parties or by agreement of the parties.  Non-contested cases
> may be tried or disposed of at any time whether set or not, and may be set
> at any time for any other time.

TEX. R. CIV. P. 245.  Denial of a motion for new trial is reviewed on appeal for abuse of

discretion.  *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

---

[4] The trial court noted that Flores's obligation to pay current support will cease on June 21, 2014, when J.D.F. turns eighteen years of age.

4

We do not find this issue meritorious. First, Flores's motion for new trial did not argue that any trial setting failed to comply with Rule 245; therefore, his issue is not preserved for our review. *See* TEX. R. APP. P. 33.1. Second, the sole basis for Flores's motion for continuance—and the sole basis for his claim of harm on appeal—was the purported need to prepare to defend against Breeden's counterclaims, but Breeden abandoned her counterclaims at trial. Accordingly, any error with respect to these claims under Rule 245 would be harmless. *See* TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.").[5] Flores's first issue is overruled.

## B. Personal Appearance

Flores contends by his second issue that the trial court committed "fundamental error" by rendering judgment against him when he was "not allowed to appear personally and through attorney for trial." We construe this issue as challenging the trial court's denial of Flores's "Motion for Bench Warrant or In Lieu of [sic] Tele-Conference." By his fourth issue, Flores argues that the trial court violated his due process rights by denying that motion.[6]

---

[5] Flores appears to argue in his motion for continuance that he also received insufficient notice of the February 25, 2013 hearing. However, he does not explicitly make this argument on appeal. In any event, the record reflects that notice of the February 25 hearing was sent to the parties on January 11, 2013, precisely forty-five days prior to the hearing. Moreover, at least one court of appeals has held that the notice requirement of Rule 245 may be waived if a party takes no action after receiving inadequate notice. *See In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.) ("A party could, in theory, waive a complaint by failing to take action when the party receives some, but less than forty-five days', notice."). Here, Flores did not complain of the February 25, 2013 hearing date until after the hearing was concluded, and so he arguably waived any complaint as to that hearing.

[6] Flores also argues by his fourth issue that the trial court violated his due process rights by "failing

It is well-established that litigants cannot be denied access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). However, an inmate does not have an absolute right to appear in person in every court proceeding; instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id.* Following the Seventh Circuit's decision in *Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir. 1976), Texas courts of appeals have recognized a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant, including: (1) the cost and inconvenience of transporting the prisoner to the courtroom; (2) the security risk the prisoner presents to the court and public; (3) whether the prisoner's claims are substantial; (4) whether the matter's resolution can reasonably be delayed until the prisoner's release; (5) whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; (6) whether the prisoner's presence is important in judging his demeanor and credibility; (7) whether the trial is to the court or a jury; and (8) the prisoner's probability of success on the merits. *In re Z.L.T.*, 124 S.W.3d at 165–66.

In *Z.L.T.*, the Texas Supreme Court found that a trial court does not have an independent duty to assess the factors elucidated in *Stone*; instead, in accordance with generally applicable rules of procedure, litigants bear the burden "to identify with sufficient specificity the grounds for a ruling they seek," and "a litigant's status as an inmate does not alter that burden." *Id.* at 166 (citing TEX. R. CIV. P. 21; TEX. R. APP. P. 33.1(a)(1)(A)). The inmate appellant in *Z.L.T.* listed the *Stone* factors in his motion, and he mentioned

---

to consider and rule on" his motion for bench warrant or telephonic appearance. However, as noted, the trial court explicitly denied that motion in its pre-trial order of February 25, 2013.

6

that he was located in a correctional institution more than 200 miles away from the trial court, but the Court nevertheless held that the inmate "failed to provide any factual information showing why his interest in appearing outweighed the impact on the correctional system." *Id.* The appellant therefore failed to meet his burden to establish his right to relief. *Id.* Flores's motion provides even less guidance than the one at issue in *Z.L.T.* It merely states that Flores "has no means to earn or handle any money" and that the correctional facility he resides in "has means for such tele-conference requested." The only legal argument made in the motion is that "[a] litigant[ ]cannot be denied access to the courts simply because he is an inmate." It does not mention or address any of the factors set forth in *Stone.* As in *Z.L.T.*, Flores's motion fails to establish that his right of access to the courts outweighs the impact on our correctional system's integrity. *See id.* at 165. Accordingly, the trial court did not abuse its discretion in denying the motion.

Flores also argues by his second issue that "Texas law does not authorize ad[j]udicating the merits of a Plaintiff's claim when he fails to appear for trial, but rather the trial court may only dismiss the claim for want of prosecution." *See Smock v. Finchel*, 207 S.W.2d 891, 892 (Tex. 1948); *State v. Herrera*, 25 S.W.3d 326, 327 (Tex. App.—Austin 2000, no pet.). However, this rule applies only "when a plaintiff fails to appear and prosecute his case . . . ." *Smock*, 207 S.W.2d at 892. Here, Flores was not adjudged to be in default; rather, he was given the opportunity to participate in the hearing via deposition and affidavit testimony, and the record reflects that Flores took advantage of this opportunity by filing at least twelve affidavits and unsworn declarations supporting his petition. We cannot conclude that the trial court was without authorization to render judgment on the merits of Flores's petition.

Flores's second and fourth issues are overruled.

## C.    Abatement of Child Support Obligations

By his third issue, Flores contends that the trial court erred by denying Flores's request to abate his child support obligations during his period of incarceration. In particular, he challenges the trial court's conclusion of law that Flores "is voluntarily unemployed or underemployed by means of his criminal conduct which resulted in his incarceration." The trial court further concluded that "it would be inequitable to allow [Flores] to avoid paying child support, simply by committing a criminal offense that results in his incarceration."

Upon finding a material and substantial change in circumstances, *see* TEX. FAM. CODE ANN. § 156.401(a)(1)(A), a trial court is given broad discretion in whether to modify support and the amount of support required. *In re C.H.C.*, 392 S.W.3d 347, 349 (Tex. App.—Dallas 2013, no pet.). Absent a clear abuse of discretion, the trial court's order will not be disturbed on appeal. *Id.* A trial court abuses its discretion when it rules without reference to any guiding rules or principles. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). When then there is some evidence to support the trial court's decision, no abuse of discretion exists. *In re Lee*, 411 S.W.3d 445, 484 n.17 (Tex. 2013) (citing *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998)).

Here, Flores presented affidavit testimony establishing that he has no income and owns no property, but that he receives gifts and contributions from his family members.[7]

---

[7] The record before this Court does not contain a transcript of the April 9, 2013 hearing. The hearing was recorded electronically; however, Texas courts of appeals have differed on whether an electronic recording may be considered in an appeal that arises, as the instant appeal did, from a county not authorized by the Texas Supreme Court to make a record in civil proceedings by electronic recording. *Compare In re E.D.M.*, No. 14-09-00727-CV, 2010 WL 3418211, at *2 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, no pet.) (mem. op.) (concluding that an audio recording could not be considered because Galveston County, the county from which the appeal arose, was not authorized by the Texas Supreme

8

Such gifts are considered net resources for purposes of determining child support liability. *See* TEX. FAM. CODE ANN. § 154.062(a)(5) (West, Westlaw through 2013 3d C.S.). However, the affidavits did not establish the amount of the gifts. Therefore, as the trial court stated in its conclusions of law, the new amount of current support was based on the minimum wage presumption contained in section 154.068 of the family code. *See id.* § 154.068 (West, Westlaw through 2013 3d C.S.) ("In the absence of evidence of a party's resources, as defined by Section 154.062(b), the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied."). And courts have held that "incarceration alone does not rebut the minimum wage presumption." *In re A.P.*, 46 S.W.3d 347, 350 (Tex. App.—Corpus Christi 2001, no pet.) (citing *In re M.M.*, 980 S.W.2d 699, 700–01 (Tex. App.—San Antonio 1998, no pet.)); *see In re B.R.G.*, 48 S.W.3d 812, 819 (Tex. App.—El Paso 2001, no pet.).

---

Court to make a record by electronic recording) *with In re B.R.G.*, 48 S.W.3d 812, 817 (Tex. App.—El Paso 2001, no pet.) (considering an electronic recording from a county not authorized to make electronic records and noting that, under section 201.009(c) of the family code, "in the absence of a court reporter or on agreement of the parties, the record may be preserved by any means approved by the associate judge"); *see* Rules Governing The Procedure For Making a Record of Court Proceedings By Electronic Recording, *reprinted in* TEXAS RULES OF COURT, VOL. I—STATE 465 (West 2012) (listing counties authorized to make electronic records).

Moreover, the rules of appellate procedure state that, when proceedings are recorded electronically, an appellant "must file one copy of an appendix containing a transcription of all portions of the recording that the party considers relevant to the appellate issues or points." TEX. R. APP. P. 38.5(a)(1). Flores's brief does not contain such an appendix.

In any event, we need not consider the audio recording because the evidence that appears in the clerk's record—in particular, the affidavits filed by Flores—supports the trial court's judgment. *See* TEX. R. APP. P. 47.1; *In re Lee*, 411 S.W.3d 445, 484 n.17 (Tex. 2013) ("[W]hen there is some evidence to support the trial court's decision, no abuse of discretion exists.").

In light of this evidence, we cannot say the trial court abused its discretion in either setting the amount of current support or declining to abate the current support obligation during the period of Flores's incarceration.[8] We overrule Flores's third issue.

### III. Conclusion

The trial court's judgment is affirmed.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
17th day of April, 2014.

---

[8] We need not specifically address Flores's contention that the trial court erred in concluding that he is "voluntarily unemployed or underemployed" because the record clearly shows that the current support award was based on the minimum wage presumption, not on Flores's earning potential. *See* Tex. Fam. Code Ann. § 154.066(a) (West, Westlaw through 2013 3d C.S.). ("If the actual income of the obligor is significantly less than what the obligor could earn because of intentional unemployment or underemployment, the court may apply the support guidelines to the earning potential of the obligor."); *see also* Tex. R. App. P. 44.1(a), 47.1.