**Howard E. TEWELL, Appellant,**

v.

**Jean H. TEWELL, Appellee.**

**No. 1572.**

Court of Civil Appeals of Texas, Corpus Christi.

April 30, 1980.

Rehearing Denied May 22, 1980.

Mary M. Rawlins, Marian S. Rosen, Woody & Rosen, Houston, for appellant.

J. Perry Jones, John E. Lewis, McAllen, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment rendered in a consolidated cause, where Dr. Howard E. Tewell, the appellant, did not appear at the trial. The principal issues presented are 1) whether Dr. Tewell had proper notice of the trial setting, and 2) whether the trial court erred in rendering a judgment, following a trial before the court, which denied the relief prayed for by Dr. Tewell, instead of dismissing the action filed by him. Important to an understanding of this case is a rather detailed account of its procedural history, the actual trial itself, and the posture of the parties at all stages of the litigation.

Howard E. Tewell and Jean H. Tewell were divorced by decree of the 103rd District Court of Cameron County, Texas, which was signed on April 12, 1976. Prior to the signing of the decree, the parties (on April 8, 1976) executed a Marriage Settlement Agreement, hereinafter referred to as the "Agreement," which was expressly approved by the trial court in the divorce decree. With respect to this appeal, the Agreement provided that Howard E. Tewell, hereinafter called the "appellant," would pay Jean H. Tewell, hereinafter called the "appellee," $2,000.00 per month over a certain period of time commencing on the first day of the month succeeding that in which a divorce was granted. The appellant timely made all such payments to the appellee through May, 1977 when he refused to make any more payments. The

appellee then filed suit to collect the alleged delinquent payments. The appellant, in his answer, alleged that the Agreement was void and unenforceable. The appellee took a non-suit on October 11, 1978, and on that same day, the appellant filed suit in the 103rd District Court of Cameron County, Texas, for a declaratory judgment that the Agreement was void and unenforceable. The next day, October 12, 1978, the appellee filed suit in the 138th District Court of Cameron County, Texas, to enforce all provisions contained in the Agreement and to collect all of the $2,000.00 monthly payments allegedly due her since June 1, 1977. The appellee then filed a motion to consolidate the two suits. A hearing was held on such motion on December 21, 1978. The suits were consolidated by order which was signed on December 27, 1978.

On March 12, 1979, the consolidated cause came on for trial in the 103rd District Court, with Judge Harry Lewis of the 138th District Court, the judge who had consolidated the cases, presiding. Neither the appellant nor his attorney appeared. After the judge determined, as a matter of fact, that the trial had been specially set for that day and that the appellant had actual notice of such setting, evidence on the appellee's claim for back payments under the Agreement was presented. Following the introduction of such evidence, Judge Lewis announced his intention to hold that the Agreement was valid and enforceable and to award the appellee the relief prayed for by her. Judgment was subsequently rendered and signed which awarded the appellee $44,000.00 (the delinquent payments), plus stated amounts for prejudgment interest and attorney's fees, and denied the appellant all relief asked for by him in his petition for a declaratory judgment. It is from this judgment that the appellant has appealed.

■ We first consider the contentions that it was reversible error to proceed to trial on March 12, 1979, because the trial was not properly set for that date, or if it was set for that date, that the appellant did not have proper notice thereof.

It is undisputed that the hearing on the appellee's motion to consolidate the two causes was held on December 21, 1978, and that counsel for both parties were present at the hearing. A record of the hearing was not brought forward. However, as already noted, when the appellant did not appear for trial on March 12, 1979, Judge Lewis made inquiries concerning the setting of the cause. A record was made of such preliminary inquiries. The unequivocal recollection of Judge Lewis was that counsel for the appellant and counsel for the appellee agreed on December 21, 1978 (the date of the hearing on the appellee's motion to consolidate), that the trial should be set for March 12, 1979. The docket sheets of both the 103rd District Court and the 138th District Court concerning the hearing on December 21, 1978, were introduced in evidence.

The docket entry for December 21, 1978, in the 103rd District Court, wherein the appellant's petition was pending and docketed as cause number 78–2055–B, reads:

"Hearing held in cause No. 78–2065–B agreed order to be entered in this cause consolidating cause No. 78–2065–B with this cause and trial to be had in this cause i. e., 78–2055 case set for trial on merits at 9:00 a. m. March 12, 1979 (HDL.)."

The docket entry for December 21, 1978, in the 138th District Court, wherein the appellee's petition was pending and docketed as cause number 78–2065–B, reads:

"Hearing on plea in abatement dismissed. Agreement to consolidate this cause with 78–2055 and causes to be tried under that cause on March 12, 1979 at 9:00 a. m. HDL."

The entries were made by Judge Lewis in his own handwriting on December 21, 1978, and were initialed by him. He agreed with counsel for appellee that after making the aforesaid docket entries that the appellant's attorney examined them and signified her understanding of the recitals contained therein.

Rule 245, T.R.C.P., as now amended, assures the litigants that there will be at least

10 days notice of a setting in a contested case, where such setting followed the motion of either party or on the court's own motion. *Morris v. Morris*, 554 S.W.2d 792, 793 n. 1 (Tex.Civ.App.—San Antonio 1977, no writ). However, under the plain wording of Rule 245, subsequent notice is not required where such setting was reached by agreement of the parties. Local Rule 2E of the District Courts of Cameron County provides that special notice is not necessary where the date of trial is set by agreement.

It is clearly established by the record in this case that on December 21, 1978, it was agreed by counsel for the parties that the consolidated cause was set for trial on March 12, 1979. Such setting for that date was properly made and the appellant had proper notice thereof. A written order of the court setting the same, delivered to counsel for the appellant, was not required.

■ We next consider the complaint that it was error for the trial court to render judgment against the appellant "on the merits" of his claim "in his absence." We agree. The judgment with respect to the action brought by the appellant should have been a judgment of dismissal and not a judgment which "denied" the "claims for relief prayed for" by the appellant in his petition for declaratory judgment. That error, however, does not necessarily warrant a reversal of that part of the judgment which was rendered for the appellee on the action brought by her to enforce the payment provisions of the Agreement.

■ The law is well settled that dismissal is the proper order when a plaintiff fails to prosecute his claim with reasonable diligence. *First Nat. Bank of Houston v. Fox*, 121 Tex. 7, 39 S.W.2d 1085 (1931). See also, *Rizk v. Mayad*, 23 Tex.Sup.Ct.J. 355. The power to dismiss, however, does not empower the court to adjudicate and deny the dismissed claim. *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959); *Smock v. Fischel*, 146 Tex. 397, 207 S.W.2d 891 (1948). Nevertheless, when the plaintiff does not appear for trial, a court does possess the power to proceed upon the defendant's counterclaim

and award relief thereunder. *Murphy v. Stigall*, 352 S.W.2d 918 (Tex.Civ.App.—San Antonio 1962, writ ref'd). It can do so even though the resulting judgment on the counterclaim may, in effect, bar the subsequent assertion of the claim which was dismissed for non-prosecution. *Barrier v. Lowery*, 118 Tex. 227, 13 S.W.2d 688 (Tex.Com.App. 1929); *Rizk v. Mayad*, supra; *Murphy v. Stigall*, supra.

The present controversy technically was initiated by the appellant on October 11, 1978, when he filed his petition for declaratory judgment that the marriage settlement agreement he had executed with the appellee was void and unenforceable. The appellee, in her petition, sought affirmative relief under the same Agreement. Each party answered the petition filed by the other. Although the appellant was the first to reach the courthouse, the appellee truly was the plaintiff for all practical purposes at the trial. The time sequence in the filing of petitions in this consolidated case does not deprive the appellee of any rights asserted by her in her petition. See *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340, 350 (1955).

While we agree that it was error for the trial court to adjudicate the claim of the appellant in the action brought by him (since he was not present at the trial of the consolidated cause), nevertheless, it was not error for the trial court to render judgment for the appellee on the action brought by her just because the appellant did not appear for trial. Stripped of all technicalities, the causes after consolidation, constituted nothing more than a suit to enforce a provision in the prior marriage settlement agreement of the parties.

■ The Agreement in issue is valid on its face and does not constitute an attempt to provide permanent alimony, as argued by the appellant. Regarding post-divorce payments of money contained in marriage settlement agreements, the Supreme Court, in *Francis v. Francis*, 412 S.W.2d 29 (Tex.Sup. 1967), said:

". . . obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, are not obligations to pay alimony and do not violate the public policy of this State.

\* \* \* \* \* \*

. . . If as a part of their settlement the parties agree that the husband will make support payments to the wife after a divorce is granted, approval of the agreement by the court should not be held to invalidate it as alimony. Amicable settlement by the parties of their property rights should be encouraged, not discouraged. The agreement will then have whatever legal force the law of contracts will give to it." (412 S.W.2d at 33).

The principles enunciated in *Francis*, when applied to the instant case, belie the appellant's position that the Agreement constituted alimony which contravenes the public policy of this State.

 Considering all of the circumstances, we refuse to permit the appellant to deprive the appellee of her legal right to a trial on the action brought by her by simply failing to appear at the trial of the consolidated cause and then to twist the substance of the outcome of that trial on the ground that the judgment, in effect, resolved his claim against him at a trial which he did not attend. Any other holding would effectively preclude a trial and judgment on the appellee's action so long as the appellant did not show up for trial. The appellee alleged and proved a valid and enforceable claim. It was not reversible error in this case for the trial court to render judgment for the appellee on the action brought by her.

The appellant's first point, wherein he contends that it was error for the trial court, "in his absence," to render a judgment on the "merits" of the action brought by him, is sustained. In view of our sustaining the first point, it is not necessary that we consider the appellant's second point that it was error not to grant the appellant a new trial on the ground that the trial court rendered "judgment on the merits of Appellant's claims . . . in his absence." All remaining points, having been carefully considered by us, are overruled.

In accordance with the provisions of Rule 434, T.R.C.P., we render judgment which the trial court should have rendered. That portion of the judgment which denied "all claims for relief prayed for in Dr. Howard E. Tewell's Petition for Declaratory Judgment" is reversed, and judgment is here rendered that the appellant's action for declaratory judgment be dismissed for want of prosecution. The judgment of the trial court for the appellee is, in all other respects, affirmed.

The costs of this appeal are taxed 80% to the appellant and 20% to the appellee.

AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.