



# MEMORANDUM OPINION

No. 04-09-00004-CV

Rocio **GUERRA**, Individually and as Next Friend of her Minor Children, Vidal G. Guerra III
and Mayela A. Guerra,
Appellants

v.

Delfina **ALEXANDER** and Josefina Alexander, Individually and as Trustees of the Delfina and
Josefina Alexander Family Trust,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2006-CVQ-002110-D4
Honorable Oscar J. Hale Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed: May 26, 2010

AFFIRMED

This is an appeal from an alleged default take-nothing judgment against appellants, Rocio

G. Guerra and her minor children, Vidal G. Guerra III and Mayela A. Guerra. Appellants contend

the trial court erred in: (1) rendering a default take-nothing judgment against them; (2) failing to

order a new trial; and (3) failing to grant judgment in their favor. We affirm the trial court's

judgment.

## BACKGROUND

Sisters, Delfina E. Alexander and Josefina Alexander Gonzalez, created a trust pursuant to a trust agreement. Alexander and Gonzalez named themselves as trustees and designated Gonzalez's daughter and grandchildren, Rocio and her two minor children, as beneficiaries. The trust agreement directed the trustees to divide the trust property into separate trusts for each of the three beneficiaries, and to "pay the entire net income of each of the trusts, annually" to each beneficiary.

Rocio and her two minor children ("the Guerras") filed suit to remove the trustees and to recover $3,386,008.00 in trust income that allegedly was wrongfully withheld from them from 1997 through 2007. At the time the Guerras filed suit, the trustees were in their mid to late nineties. After three unsuccessful attempts to schedule the depositions of the trustees, the Guerras filed a motion to compel the trustees' depositions, arguing the depositions were necessary to assess the trustees' abilities to administer the trust. In response, Alexander and Gonzalez argued their advanced age and fragile state prevented them from being involved in any "stressful situations," and they attached letters from their physician, Dr. Ricardo Cigarroa, noting multiple medical problems. Four hearings ensued, and at each hearing an attempt was made to accommodate the trustees in taking their depositions.

On September 20, 2007, the trial court held another hearing to consider the Guerras' motion to compel the trustees' depositions and set a trial date. After reviewing the deposition of Dr. Cigarroa, the trial court signed an order denying the motion to compel. The trial court found Alexander and Gonzalez were physically incapable of giving either a videotaped deposition or live testimony because of their frail conditions.

During the September 20, 2007 hearing, the trial court set the case for a pre-trial hearing on July 10, 2008, and jury selection for trial on July 14, 2008. In January of 2008, Alexander died, leaving Gonzalez as the sole trustee of the trust. On April 9, 2008, the Guerras filed a motion for summary judgment, seeking: (1) recovery of trust income that allegedly had not been paid, and (2) removal of Gonzalez as trustee. A week later, Gonzalez filed a motion for partial summary judgment regarding the legal interpretation of the trust agreement and seeking a take-nothing judgment with regard to the trust income issue. On May 21, 2008, the trial court sent notice of a June 17, 2008 hearing on the summary judgment motions. The motions were heard on June 17, 2008. However, the hearing adjourned without a ruling.

On July 10, 2008, the parties met for the previously scheduled pre-trial hearing. At this hearing, the trial court carried the motions for summary judgment and passed the original trial date of July 14, 2008, for one week in order to review everything. A reset date was scheduled for July 24, 2008, but the July 24th date was subsequently reset to July 31st because of inclement weather.

On July 31, 2008, the parties appeared, and the trial court announced it was denying the Guerras' motion for summary judgment, but deferred ruling on Gonzalez's motion for partial summary judgment. The trial court also announced the case was set for trial that day. The Guerras' attorney expressed confusion regarding the trial date. Nevertheless, the trial court proceeded with trial and asked the Guerras' attorney to call the Guerras' first witness. The Guerras' attorney announced he could not offer the case or call the Guerras' only witness, Gonzalez, to the stand due to Gonzalez's physical limitations. At that point, Gonzalez moved for a take-nothing judgment on the basis that the Guerras had no witnesses or evidence. The trial court granted the motion.

On September 30, 2008, the trial court signed a final judgment, which stated: (1) the parties waived a jury trial; (2) the trial court date was passed to July 31, 2008; (3) the trustee, Gonzalez, was unavailable to testify, and (4) because no evidence was presented, Gonzalez's counsel moved for a take-nothing judgment, which was granted. The Guerras then moved to vacate the final judgment and requested the trial court to order a new trial or modify the judgment. The Guerras requested an evidentiary hearing on their motion for new trial, but the motion was overruled by operation of law on December 15, 2008, without a hearing.

### DISCUSSION

In their first issue, the Guerras contend the trial court erred in entering what they refer to in their brief as a default take-nothing judgment. According to the Guerras, the trial court erred in entering the judgment because: (1) the trial court had a duty to rule on all the motions for summary judgment before calling the case for trial; (2) the Guerras did not waive their right to a jury trial; (3) the Guerras did not receive adequate notice that the July 31, 2008 setting was for a trial on the merits; and (4) the trial court did not have a legitimate basis to enter a take-nothing judgment.

### *Default Judgment*

Although the Guerras refer to the trial court's take-nothing judgment as a default judgment, the Guerras are incorrect. Essentially, there are two types of default judgments. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). A trial court can grant a no-answer default judgment, a default judgment when a defendant fails to answer, or a post-answer default judgment, a default judgment when a defendant answers but fails to appear at trial. *See id.*; *Harris v. Burks*, No. 01-06-00128-CV, 2007 WL 1776048, at *1 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.) (mem. op.); *Crime Control, Inc. v. RMH-Oxford Joint Venture*, 712 S.W.2d 550, 551(Tex. App.—Houston

[14th Dist.] 1986, no pet.). In both types of default judgments, the defendant fails to appear at trial. *Id*.

Here, the take-nothing judgment was neither a no-answer default judgment nor a post-answer default judgment for two main reasons. First, the Guerras were not the defendants, but rather the plaintiffs. *See Stoner*, 578 S.W.2d at 682 (defining default judgment as judgment that may be granted only against defendant). Additionally, the record shows the Guerras were present at the July 31, 2008 court date. *See id.* (pointing out default judgments are granted when defendant is not present). Accordingly, the trial court's judgment was not a default judgment.

### *Duty to Rule on Opposing Party's Motion for Summary Judgment*

We now turn to the Guerras' contention that the trial court had a duty to rule on all the motions for summary judgment before calling the case for trial. According to the Guerras, the trial court erred in calling the case for trial without expressly ruling on Gonzalez's pending motion for partial summary judgment.

When the parties appeared before the trial court on July 31, 2008, the trial court denied the Guerras' motion for summary judgment and deferred ruling on Gonzalez's motion before proceeding to trial. After a discussion seeking to clarify the trial court's ruling, the trial court specifically stated "I'm denying your [the Guerras'] motion[,]" and "I'm deferring their [Gonzalez's] motion."

After reviewing Texas law, we do not find any law on point that requires a trial court to rule on an opposing party's motion for summary judgment before trial, nor does Guerra cite us to any. Therefore, no authority exists to support the Guerras' contention that the trial court was required to rule on the pending summary judgment motions.

Morever, even if we assume such a ruling was required, a trial court can implicitly rule on a motion so long as the ruling is capable of being understood from the record. *See* TEX. R. APP. P. 33.1(a)(2)(A); *see also Hogan v. J. Higgins Trucking, Inc.*, 197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.); *Allen ex. rel. B.A. v. Albin*, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.); *Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.). Here, the trial court implicitly denied Gonzalez's motion for partial summary judgment when it called for announcements and proceeded to trial. *See Hogan*, 197 S.W.3d at 883 (highlighting implicit ruling on objections to summary judgment evidence occur when there is something in the record other than mere granting of that summary judgment motion to indicate trial court denied objections); *Allen*, 97 S.W.3d at 663 (same); *Well Solutions*, 32 S.W.3d at 317 (same); *see also Zurita v. Lombana*, No. 01-01-010404-CV, 2003 WL 21027140, at *2 n. 4 (Tex. App.—Houston [1st Dist.] May 8, 2003, pet. denied) (mem. op. on reh'g) (not designated for publication) (recognizing denial of motion for summary judgment may be implied when trial court grants opposing party's competing motion for summary judgment and proceeds to trial on merits). Accordingly, we overrule this subpoint.

### Waiver of Jury Trial

In their next subpoint, the Guerras argue they did not waive their right to a jury trial. They argue they perfected their right to a jury trial by demanding a jury trial and paying the jury fee when they filed suit. The Guerras contend they reiterated their request for a jury trial in subsequent amended petitions prior to the pretrial hearing on July 10, 2008. The Guerras argue they never assented to a waiver of a jury trial and, therefore, did not waive their right.

The Texas Constitution preserves the right to a jury trial. TEX. CONST. ART. I § 15 ("The right to trial by jury shall remain inviolate."); *Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 407 (Tex.

App.—San Antonio 1994, writ denied). "The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (quoting *White v. White*, 108 Tex. 570, 196 S.W. 508, 512 (1917)). However, the right to a jury trial in a civil proceeding is not "self-executing." *In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.). Rule 216 of Texas Rules of Civil Procedure provides that a party interested in a jury trial in a civil suit must file a written request for a jury trial within a reasonable time before the date set for trial. TEX. R. CIV. P. 216. In addition, even if a party complies with Rule 216, it must act affirmatively by either "object[ing] on the record to the trial court's action [in proceeding without a jury] or indicat[ing] affirmatively in the record it intends to stand on its perfected right to a jury trial." *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ); *see also In re M.P.B.*, 257 S.W.3d at 811; *Vardilos v. Vardilos*, 219 S.W.3d 920, 923 (Tex. App.—Dallas 2007, no pet.). At the same time, however, "'neither the judge nor the opposite party have the authority to dispense with a jury without the assent of the party originally demanding it.'" *Cardenas*, 894 S.W.2d at 408 (quoting *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725 (Tex. 1968)).

In *Cardenas v. Montfort*, we held a pro-se litigant does not waive his right to a jury trial "absent evidence of assent to the transfer [of the case from jury docket to bench trial] by the party who affirmatively requested the jury trial and paid the jury fee." 894 S.W.2d at 407. The Guerras cite *Cardenas* to support their contention that they did not assent to a waiver of a jury trial. We disagree.

Unlike *Cardenas*, the record in this case shows the Guerras assented to a waiver of their right to a jury trial at the pre-trial hearing on July 10, 2008. At that hearing, where it appears the trial

court was deciding whether to carry both motions for summary judgment to the next hearing date, the trial court also discussed whether a bench trial would accommodate both parties. At the suggestion of Gonzalez's counsel for a bench trial, the Guerras' counsel agreed a bench trial would "get rid of the case in one day." After these discussions, the following exchange regarding waiver of a jury trial occurred:

> THE COURT: Either way, you're waiving the [j]ury anyway, so we can leave it for Tuesday then, the 22nd.
> MR. CORTEZ [the Guerras' attorney]: Okay.
> MR. ZAFFIRINI [Gonzalez's attorney]: And we didn't ask for jury.
> THE COURT: Okay. Yes, we can set it for Tuesday the 22nd then. Let's set it for 2:00 P.M. in the afternoon. Is that ok?
> MR. CORTEZ [the Guerras' attorney]: Yes.

Here, the Guerras assented to a waiver of their right to a jury trial by agreeing to the trial court's statement that, "Either way, you're waiving the [j]ury anyway[.]"

Additionally, when the parties appeared on July 31, 2008, instead of July 24, 2008, because of inclement weather, the trial court denied the Guerras' motion for summary judgment and announced the case would proceed to trial. At that time, the Guerras did not object to the case going forward without a jury. *See In re M.P.B.*, 257 S.W.3d at 811 (holding appellant waived his right to a jury trial when he failed to object to case "going forward without a jury or affirmatively indicate he intended to stand on his right to a jury trial"); *Vardilos*, 219 S.W.3d at 923. *Sunwest Reliance Acquisitions Group*, 875 S.W.2d at 387-88. At no point before proceeding to trial did the Guerras' counsel complain to the trial court that the Guerras were being forced into waiving their right to a jury. *See id.*; *see also Hardman v. Dault*, 2 S.W.3d 378, 381 (Tex. App.—San Antonio 1999, no pet.) (holding appellant did not waive his right to jury because four days before trial, he filed motion

to strike non-jury setting, insisted on his right to jury trial, and requested that matter be moved to jury docket and on day of trial, he advised court he was not waiving right).

Based on these actions, we hold the Guerras waived their right to a jury trial by assenting to a waiver and then failing to object once they realized the case was proceeding to trial without a jury. We therefore overrule this subpoint.

### *Adequate Notice*

The Guerras next complain they did not receive adequate notice of the trial date. We disagree.

Rule 245 of the Texas Rules of Civil Procedure requires a trial court to give a party reasonable notice of the first date set for trial on contested matters. TEX. R. CIV. P. 245. Reasonable notice means notice of "not less than forty-five days." *Id*. A written order is not required when the record establishes that counsel for each party had adequate notice of the date set for trial. *See Tewell v. Tewell*, 599 S.W.2d 351, 354 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd). Rule 245 also allows courts to reset trial dates so long as reasonable notice is given. TEX. R. CIV. P. 245. The rule does not specify how much notice must be given with regard to reset dates in order for the notice to be reasonable. *Id*.

Here, with regard to the first trial date, no written notice of a trial setting for July 14, 2008, was ever sent to either party. However, it is clearly established by the record that during the September 20, 2007 hearing, both parties agreed to a trial setting on July 14, 2008, clearly more than forty-five days before trial. *See* TEX. R. CIV. P. 245. At the conclusion of that hearing, and after discussing potential dates, the court coordinator said, "July 10th is the final pre-trial, and it would be set for jury selection on July 14th." Neither counsel for Gonzalez nor the Guerras expressed any

objections to that date, and the hearing ended with the trial court reserving July 10th for pre-trial and July 14th for trial.

When the parties appeared on July 10, 2008, for the pre-trial hearing, the trial court informed the parties that it decided to carry both motions for summary judgment to the next hearing date. In response to the trial court's inquiries regarding the Guerras' motion for "continuance of the trial date," the Guerras' counsel stated that he had withdrawn it. The trial court then stated, "All right. We're set to go on Monday [July 14th]" to which the Guerras' counsel responded, "That's fine, Your Honor, but I think I mentioned here during the course of our argument, if we're going to actually go forward with the trial date, then I have drafted a petition for writ of mandamus with respect to the discovery issue[.]" The record shows the parties proceeded to discuss the Guerras' interest in seeking a writ of mandamus, receiving a ruling on the motions for summary judgment, the condition of the trustee for deposition, as well as the possibility of a bench trial. Thereafter, the Guerras agreed to Gonzalez's suggestion of a bench trial, and the trial court decided "to pass the trial date for at least one week to give it time to review everything." The trial court then announced the trial date would be July 24th at 2:00 p.m.

Although the Guerras contend they were under the impression that they were rescheduling only a hearing on the motions for summary judgment, the record does not support their contention. Based on the record before us, it is clear that in light of the discussion transpiring over the course of the entire hearing regarding rescheduling, the trial court was rescheduling the trial date for July 24, 2008, with the understanding it would also rule on the motions for summary judgment at that

time. Accordingly, the Guerras had adequate notice that the trial date was set for July 24, 2008, and we overrule the Guerras' third subpoint.[1]

### *Rendition of the Take-Nothing Judgment*

In their last subpoint, the Guerras contend the trial court did not have a legitimate basis to enter a take-nothing judgment against them.

In a suit seeking to remove a trustee, the burden of proof lies upon the party who is seeking to remove the trustee. *See Penix v. First Nat. Bank of Paris*, 260 S.W.2d 63, 68 (Tex. Civ. App.—Texarkana 1953, writ ref'd) (stating burden of proof was upon appellants who raised removal issue by cross-action). Here, the Guerras had the burden of proving their case because they filed the removal suit against Gonzalez, alleging Gonzalez: (1) wrongfully withheld trust income from them; (2) had a conflict of interest to serve as trustee; and (3) lacked capacity to serve as trustee. The record reflects the Guerras' counsel appeared at trial and announced he was confused as to the trial date and unprepared for trial because he could not call the Guerras' sole witness, Gonzalez, to the stand. Apart from Gonzalez, however, the Guerras could have called several other witnesses, such as the Gonzalez's daughter, Rocio, or Gonzalez's physician, Dr. Cigarroa, to testify as to Gonzalez's ability to manage the trust. They could have presented other evidence regarding Gonzalez's physical limitations. Instead of calling any other potential witnesses, the Guerras' attorney informed the trial court that the Guerras' entire case depended on the testimony of Gonzalez, who he could not call to the stand. The Guerras' counsel stated, "I can't go to trial because of the fact that I can't – my witness is her. She's the sole – all the duties are hers. They're no one else's. And so if I can't put

---

[1] The Guerras do not complain that they did not have reasonable notice that the July 24th date would be reset to July 31st due to inclement weather.

her on the stand, then I can't go to trial, Your Honor. So that's – that's how I'm going to proceed."

The Guerras appear to contend that the trial court did not have a legitimate basis to enter a take-nothing judgment against them because they were unable to call Gonzalez as a witness. However, the Guerras had the burden of proof and elected not to call any witnesses other than Gonzalez. *See id.* Because the Guerras failed to present any evidence at trial to prove their case, the Guerras failed to meet their burden of proof. *See id.* Accordingly, the trial court did not err in entering a take-nothing judgment against them, and we overrule the Guerras' last subpoint.

### *Motion for New Trial*

In their second issue, the Guerras contend the trial court erred in failing to grant their motion for new trial. According to the Guerras, because the affidavit in support of their motion for new trial was uncontested, the affidavit must be accepted as true and the motion for new trial granted. They claim the affidavit established they did not waive their right to a jury trial or receive adequate notice of the alleged trial date.

On September 30, 2008, the Guerras timely filed a motion for new trial, attaching the affidavit of their attorney, Adam Cortez, and requesting the trial court to set a hearing on the motion. In his affidavit, Cortez stated the Guerras' right to a jury trial was not waived, and the Guerras did not receive adequate notice that the July 31, 2008 setting was the trial date. Cortez also stated he believed the July 31st date was for a hearing on the motions for summary judgment, not trial. The motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

When a motion for new trial is overruled by operation of law, we must determine whether the trial court abused its discretion in allowing the motion to be overruled. *Awoniyi v. McWilliams*, 261 S.W.3d 162, 165 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Limestone Const., Inc. v.*

*Summitt Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.). An abuse of discretion by the trial court occurs when the trial court fails to correctly analyze or apply the law. *Limestone*, 143 S.W.3d at 542. Under an abuse of discretion standard, we must determine whether the trial court acted arbitrarily or without any reference to guiding legal principles. *Id*.

In this case, the Guerras' argument is based solely on their claim that the affidavit in support of their motion must be accepted as true because it is uncontested and there was no hearing on the motion. To support their contention, the Guerras rely on cases in which the trial court rendered a default judgment against the appellant and no evidentiary hearing took place after a motion for new trial was timely filed. *See, e.g., Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939) (providing for equitable standard to review motions for new trial challenging default judgment); *Limestone*, 143 S.W.3d at 547 (requiring trial court to accept uncontested affidavit as true in cases involving new trial motion challenging default summary judgments); *Bray v. Mohair Council of Am.*, No. 11-05-00353-CV, 2007 WL 118927, at *2 (Tex. App.—Eastland Jan. 18, 2007, no pet.) (mem. op.). As previously discussed, however, no default judgment was rendered against the Guerras. *See Stoner*, 578 S.W.2d at 682 (defining default judgment as judgment that may be granted only against defendant who is not present). Accordingly, because this case does not involve a defaulting defendant, we need not accept the affidavit as true, but instead simply determine, based on the record before us, whether the trial court abused its discretion in allowing the motion for new trial to be overruled by operation of law. *See Limestone*, 143 S.W.3d at 542; *Awoniyi*, 261 S.W.3d at 165. In their motion for new trial, the Guerras contend they did not waive their right to a jury trial or receive adequate notice of the July 31, 2008 trial date. However, as previously discussed, the Guerras assented to the waiver of their right to a jury trial and received adequate notice of the July

24, 2008 trial date, which was moved to July 31st due to inclement weather. Accordingly, the trial court did not abuse its discretion in failing to grant a new trial with respect to the Guerras' claims, or in allowing their motion for new trial to be overruled by operation of law. We therefore overrule the Guerras' second issue.

### *Trustee's Removal and Competency*

In their last issue, the Guerras assert the trial court erred in failing to remove Gonzalez as trustee. The Guerras contend the trial court erred in permitting Gonzalez to continue discretionary management over the trust despite Gonzalez's inability to testify due to her old age and frail health. The Guerras also contend Gonzalez had a conflict of interest that required the trial court to remove Gonzalez as remaining trustee. Finally, the Guerras contend Gonzalez's lack of capacity required the trial court to order Gonzalez to be removed.

In response, Gonzalez argues, among other things, that this issue is moot. On June 10, 2009, Gonzalez was advised by her physician, Dr. Cigarroa, that she was unable to manage the affairs of the trust. As a result, Gonzalez agreed to resign as trustee, and a successor, Adolph E. Puig Sr., was notified to assume trustee duties.

A case is moot if the judgment of the appellate court can have no practical effect on an existing controversy. *Thompson v. Ricardo*, 269 S.W.3d 100, 103-04 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *In re Salgado*, 53 S.W.3d 752, 757 (Tex. App.—El Paso 2001, orig. proceeding). When an event occurring after the judgment renders an issue before an appellate court moot, the appellate court may not decide the appealed issue. *Id.* Here, the crux of the Guerras' last issue seeks the removal of Gonzalez as trustee. Gonzalez, however, removed herself as trustee on June 10, 2009, after the take-nothing judgment was entered against the Guerras. Accordingly,

because Gonzalez no longer serves as a trustee, all issues pertaining to her removal are moot. *See, e.g., White v. White*, 25 S.W.2d 826, 838 (Tex. Comm'n. App. 1930) (holding when judgment accepting resignation of trustee was entered, appeal from judgment seeking to remove trustee was moot question).

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice